486 F.2d 516
 6 Fair Empl.Prac.Cas. 740, 6 Empl. Prac. Dec. P 8895
Henry BRADLEY, (Azalea V. Bradley, as the Personal
Representative of Appellant Henry Bradley, for
Substitution in the Place and Stead of
Appellant Henry Bradley,
Deceased), Plaintiff-Appellant,
v.
SOUTHERN PACIFIC COMPANY, INC., et al., Defendants-Appellees.
 No. 71-3521.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 5, 1973.
 
 Mrs. Gabrielle K. McDonald, Houston, Tex., William L. Robinson, Jack Greenberg, Morris J. Baller, New York City, for plaintiff-appellant.
 V. R. Burch, Jr., Houston, Tex., for Southern Pacific Co., Inc.
 James L. Highsaw, Jr., Washington, D. C., J. Curtiss Brown, Houston, Tex., for BRAC.
 Before TUTTLE, MORGAN and RONEY, Circuit Judges.
 TUTTLE, Circuit Judge:
 
 
 1
 The court has withheld consideration and decision of this case pending disposition by the court, sitting en banc, Brisco Huff, etc. v. N. D. Cass Company of Alabama, 468 F.2d 172 (5th Cir. 1972), modified on rehearing en banc, 485 F.2d 710 (5th Cir. 1973).
 
 
 2
 As this Court posed the question before it upon the en banc rehearing in the Huff case "the central issue in this class action is whether the trial court properly dismissed the action on the basis of a preliminary determination that the single plaintiff representing the class was not entitled to relief on the merits of his individual claim." Although the case before us must, we think, be disposed of on a basis which would not draw this same question in issue, a decision in the en banc case that would hold in the affirmative on the question posed would have ruled our decision here.
 
 
 3
 Henry Bradley was hired by Southern Pacific Company on March 7, 1925, and from November 1, 1934, until his retirement August 1, 1969, was employed in the central mailroom of the Houston general office building in the position of mailroom porter. He filed his claim with the Equal Employment Opportunity Commission alleging that job classifications of Southern Pacific Company discriminate against blacks and that the company's seniority system locks blacks into inferior positions. When the EEOC was unable to settle the controversy Bradley filed suit on his own behalf contending that the company's job classifications and seniority system kept black employees at the bottom classification. The Brotherhood of Railway, Airline, and Steamship Clerks, Freight Handlers, Express and Station Employees, Local 589 and The National Brotherhood were joined as defendants in the action.
 
 
 4
 Several months after the filing of the suit Bradley retired from his job with the railroad and, thereafter, he sought to amend his petition to allege a class action on behalf of all black present or future employees of the Southern Pacific Company, charging the same alleged discriminatory acts as a basis of his complaint. The trial court, 51 F.R.D. 14, denied plaintiff's motion to amend and this court dismissed an interlocutory appeal of that decision and the case went to trial on Bradley's complaint that he had been discriminatorily prejudiced by the company's hiring practices on account of his race.
 
 
 5
 Upon the trial on the merits the trial court found that Bradley had not been prejudiced by virtue of racial discrimination by the company and further determined that Bradley should not adduce evidence as to the racial practices of the company in general as affecting other persons in the alleged class because he would not be a proper representative of the class.
 
 
 6
 The resolution of issues of fact in case arising under Title VII of the Equal Employment Opportunity Act are to be given the same treatment on appeal as any other finding of fact by a trial court. Rule 52(a) F.R.C.P. Upon consideration of the record before the trial court, we cannot say that its findings of lack of discriminatory practices affecting the named plaintiff were clearly erroneous. The trial court's judgment denying relief to Bradley in his personal claim must therefore be affirmed.[1]
 
 
 7
 With respect to Bradley's original claim that the trial court erred in not permitting his amendment to assert a class claim against Southern Pacific Company we note that this contention has now been substantially answered by the regrettable fact that Mr. Bradley has died pending the appeal. Once again, we have permitted the substitution of parties as provided by rule by the next of kin, without determining whether the action abated upon the death of the original party. It is not necessary for the court to determine this issue because the posture of the case as it comes to us is not that presented to the Court in Huff, supra. The trial court in this case did not determine that Bradley would not be a proper representative of the class solely because he could not prevail in his individual claim. On the contrary, the trial court made several findings with respect to the question whether Bradley would be such proper representative if the court were to make a determination that this was a proper class action. In this connection the court said:
 
 
 8
 "First the plaintiff here since initiation of the action has been retired. His position as an active employee is no longer the same as when the complaint was filed and the action initiated. Whether the issues which he may raise, and the relief which he may seek are common to those of present or future employees is subject to serious question. There is no showing that the claims or defenses of Bradley are typical of the claims or defenses of the class . . . . There is further in my mind serious doubt that he is a proper party who will fairly and adequately protect the interests of the class . . . . Further, I consider the petition to be too all-inclusive in undertaking to represent employees of the various other departments . . . . There is no reason to believe that a similar situation prevailed in the various other departments of Southern Pacific . . . ."
 
 
 9
 To these findings by the trial court there must now, unfortunately, be added the fact that Bradley is no longer available to act as the representative of the class.
 
 
 10
 In light of the type of hearing conducted by the trial court, during which substantial evidence was adduced touching on the company's policies challenged by the plaintiff we are of the view that the determination that Bradley was an inappropriate representative of the class was made in compliance with the guidelines set down by this court in the Huff case. These findings, as those on the merits of the case, are also unassailable unless this Court can determine that they are clearly erroneous. This we cannot do.
 
 
 11
 The judgment is affirmed.
 
 
 
 [1]
 Notice of the appellant Bradley's death has been given during the time this case is on appeal and his wife has, at her request, been substituted as the nominal appellant in the case. In taking the action we do here we do not necessarily reach the question whether the death of the original plaintiff abates the action completely