**Gene Ellen MUNTZ, Plaintiff,**
v.
**OHIO SCREW PRODUCTS, Defendant.**
No. C 73–346.

United States District Court,
N. D. Ohio, E. D.
Dec. 20, 1973.

Leonard F. Lybarger, Cleveland, Ohio, J. William McCray, Elyria, Ohio, for plaintiff.

Eldred A. Gentry, Cleveland, Ohio, David L. Daley, Elyria, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

The named plaintiff brought this suit on behalf of a class of present and past female employees of defendant who have been damaged by the practices in defendant's Elyria, Ohio, plants which are claimed to be discriminatory on the basis of sex. The suit is brought pursuant to 42 U.S.C. § 2000e et seq. and 42 U.S.C. §§ 1981–1983 for damages and for declaratory and injunctive relief.

The named plaintff now seeks to amend the complaint to delete the class allegations and to thereafter enter a settlement dismissing this suit with prejudice as to the named plaintiff. Of course, defendant does not oppose the filing of the amended complaint or the entry of the settlement. Because the proposed settlement of this class action presents a recurring issue as to the Court's obligation to require notice under Rule 23(e) of the Federal Rules of

Civil Procedure, the Court will explain the rationale for its decision.

In discussing whether the class allegations may be dropped and the settlement entered, the Court will examine whether the settlement order may be signed as a perfunctory matter and, if not, whether class certification should be denied on the merits.

## I. NOTICE IN CLASS ACTION SETTLEMENTS

Under the Rule 23(e) of the Federal Rules of Civil Procedure, the class must be notified prior to the entry of a settlement. The Rule provides:

> A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

■ Since the motion to amend the complaint in this case is in reality a settlement, the Court may enter the settlement without notice only if it determines that this particular settlement is an exception to the notice requirement. At a pretrial conference counsel suggested that there might be such an exception here because the class has not been certified or because the settlement would be entered "without prejudice" to class members other than the named plaintiff. Each contention will be discussed below.

■ Prior to class certification or a determination that class certification is not warranted, the Court must treat the suit as a class action for purposes of dismissal or settlement. Kahan v. Rosenstiel, 424 F.2d 161, 169 (2d Cir. 1970), cert. den. 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324 (E.D.Pa.1967); 3B Moore, Federal Practice ¶ 23.80 [2.–1]. The class treatment of the uncertified suit serves two important policies of the notice requirement.

The first policy served by requiring settlement notice prior to certification is that of reducing class allegations added solely to enhance the settlement of the representative plaintiff. The drafters of Rule 23 added the notice requirement to make it impossible for the class representative to sue and settle in the dark. Cf. 3 B Moore, Federal Practice ¶ 23.-80[2]; Philadelphia Electric Co., supra. In 1966, the original notice requirement was broadened in the amendments to Rule 23(e). For purposes of this policy, the requirement of settlement notice is no less relevant prior to certification.

■ Second, requiring notice prior to certification serves the policy of informing those persons who have refrained from pursuing their own relief in reliance on the representation of the class representative. Berse v. Berman, 60 F.R.D. 414 (S.D.N.Y.1973). Certainly, there will be a greater expectation of reliance once original notice of certification is sent to the class. However, whether certification notice is distributed is not determinative of reliance. The drafters of Rule 23 chose to require notice of settlment for classes certified under Rule 23(b)(1) and (b)(2) even though notice of certification is not required for classes certified under those subsections. Furthermore, the institution of the suit may itself produce reliance by class members. Judge Frankel observed in Rothman v. Gould, 52 F.R.D. 494 (S.D.N.Y.1971):

> The very bringing of a class action, especially where counsel are known to be skilled in the field, may deter the institution of suits by members of the ostensible class. The passage of time may impair or defeat the rights of others thus deflected from acting for themselves.

Since the purposes of settlement notice are relevant to an action prior to certification, the Court concludes that non-certification does not render notice unnecessary.

The remaining question is whether a stipulation that the dismissal is "without prejudice" to all members of the class except the representative plaintiff renders notice of settlement unnecessary. Although the stipulation may be significant if the class allegation is dropped quickly after the institution of the suit, the stipulation is not determinative in this suit. Since the employment policies in question were apparently changed in November, 1970, the statute of limitations would preclude the presentment of the claims, at least with respect to the main cause of action under 42 U.S.C. § 2000e et seq. Rothman v. Gould, *supra* at 495.[1]

For these reasons the Court concludes that Rule 23(e) will not permit the perfunctory approval of the settlement in this case.

## II. MERITS OF CLASS CERTIFICATION

 Mindful of the shortcomings of weighing class certification with neither party forcefully advocating it, the Court will examine whether the class alleged in this suit is proper for certification in order to avoid the vain act of giving settlement notice to an invalid class.

The class alleged in the complaint includes only present and past female employees. Although the complaint indicates a challenge to the hiring process, potential applicants were not included in the class definition. Defendant's affidavits indicate that the number of female employees has varied from ten to fourteen during the period in question. Nine of the employees have filed affidavits stating that they do not wish to be members of the class in this suit. Therefore, approximately ten persons would be within the class alleged, depending on the turnover rate.

The Court therefore denies class certification for the reason that the class is not too numerous to permit joinder. Rule 23(a), Federal Rules of Civil Procedure.

## III. CONCLUSION

Class certification having been denied, the Court will enter the settlement with respect to the individual plaintiff. Plaintiff's motion to file an amended complaint is denied as moot.

This case is closed.

It is so ordered.

---

1. The Court refers to Section 2000e as the "main" cause of action because Sections 1981 and 1982 do not provide a basis for relief for sex discrimination and because Section 1983 requires state action which does not appear to be present in this suit.