Doris June **HELD, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY et al., Defendants.**

**Civ. A. No. 73–H–1053.**

United States District Court,
S. D. Texas,
Houston Division.

April 19, 1974.

Supplemental Memorandum Aug. 29, 1974.

See also, D.C., 373 F.Supp. 996.

Henry M. Rosenblum, Rosenthal & Rosenblum, Houston, Tex., for plaintiff.

Gordon A. Holloway, Sewell, Junell & Riggs, Houston, Tex., for defendant Missouri Pacific Railroad.

John B. Murphrey, Kronzer, Abraham & Watkins, Houston, Tex., for defendant Local Chapter of Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, Missouri Pacific Lines, Lodge 84.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

The Court has been advised that a tentative settlement has been reached between the defendants and named plaintiff Doris June Held; to the Court's knowledge, no provision has been made for absent class members. This is an area of the law with which the Court lacks familiarity. Brief research into the question of compromising class actions and cases involving class allegations suggests settlement and dismissal may not be as easily obtained as suggested by counsel. In order to determine the law in this Circuit as well as an understanding of the procedures utilized by courts more experienced in this area, it will be necessary that the parties lend assistance to the Court.

█ The original complaint, filed July 26, 1973, recited that the plaintiff brought this action on her own behalf "and on behalf of all other women who are employed or who have been employed, or who may in the future be employed by the Defendant Missouri Pacific Railroad Company, at its Houston, Texas offices". On January 11, 1974, the plaintiff filed a motion to maintain a class action under Rule 23(c)(1), Fed.R.Civ.P. On January 16, 1974, the U.S. Supreme Court cited the foregoing rule as obligating the courts to make a determination "as soon as practicable after the commencement of an action brought as a class action" whether or not the action may be "maintained" as a class action. This determination decides whether "the suit is allowed to *continue* as a class". American Pipe and Construction Co. v. State of Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Thus, during the interim between the filing of a class action and the court's determination under Rule 23(c)(1), the action is to be treated as a class action for purposes of dismissal or compromise. Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324, 326 (E.D. Pa. 1967).

█ The Court's limited research indicates that the Court's role in the settlement of class actions is not a passive one. *See, e.g.,* Dole, The Settlement of Class Actions for Damages, 71 Colum.L. Rev. 971 (1971) [hereinafter cited as *Dole*]; Manual for Complex Litigation Part 1, § 1.46 (1973); 3B J. Moore's Federal Practice ¶ 23.80 (2d ed. recompiled 1969). In general, the court has the judicial responsibility of acting as guardian of the absent parties as well as those present before the Court. Norman v. McKee, 431 F.2d 769, 774 (9th Cir. 1970). A fundamental duty is to ensure (1) that there was no fraud or collusion in arriving at the compromise and (2)

that the compromise was fair, adequate and reasonable. Percodani v. Ricker-Maxson Corp., 50 F.R.D. 473, 477 (S.D. N.Y.1970). This duty would appear to require the Court to determine whether or not the class action device was used abusively by a plaintiff as "legalized blackmail", Simon, *Class Actions—Useful Tool or Engine of Destruction,* 55 F.R.D. 375 (1972), as well as to determine whether or not a named plaintiff and counsel were "bribed" into dropping an otherwise legitimate lawsuit at the expense of a class legitimately entitled to gelag relief. The following are some of the considerations involved in such a determination:

1. A compromise settlement involves mutual sacrifice in order to prevent unprofitable litigation.

2. Vindictive motives or pressures are not proper in settlement negotiations.

3. The recommendation of acceptance by experienced and competent counsel is a fact entitled to great weight.

4. The role of the court is somewhat limited in that its business judgment is not to be substituted for that of the parties who worked out the settlement accord unless the settlement, taken as a whole, appears so unfair on its face as to preclude judicial approval.

*See Percodani, supra.*

█ The Court has not made a Rule 23(c)(1) determination against the class, expressly holding the issue in abeyance by its order of January 30, 1974; thus Rule 23(e) would apply which provides:

A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

This provision was aimed at curbing extortionate strike suits. *See Dole, supra,*

71 Colum.L.Rev. at 975. Without such notice a settlement would apparently be defective. *See, e.g.,* Banks v. Lockheed-Georgia Co., 46 F.R.D. 442, 443 (N.D. Ga. 1968); *Moore's supra,* ¶ 23.80[2] at p. 25–1503; *Dole, supra,* 71 Colum.L. Rev. at 976–980.

Title VII class actions appear to be an unusual type of litigation as concern for the public welfare places "a heavy burden on the judiciary in the ultimate resolution of such grievances". *See* Johnson v. Goodyear Tire & Rubber Co., 491 F.2d 1364 (5th Cir. 1974), affirming in part, reversing in part, 349 F.Supp. 3 (S.D.Tex.1972). It would appear, without presently deciding, that counsel undertaking such litigation assumes the cloak of professional responsibility to the class as originally claimed unless and until such time that the class dimensions are altered or the class allegation dismissed by the court under a Rule 23(c)(1) determination. In related fashion, it would appear that individual plaintiffs authorizing or acquiescing in the filing of an action on their behalf as a class action agree to subrogate their individual interests to those of the class. In consideration of such action by counsel and individual litigants, they receive the not inconsiderable benefits derived from bringing the lawsuit as a class action.

Because the foregoing involved comparatively brief research, the Court directs counsel to submit appropriate legal authority considering at least the following issues:

1. What are the obligations and duties of the Court in Title VII litigation where named litigants are apparently willing to settle a case but no disposition is made for absent class members?

2. What difference, if any, should it make that a settlement proposal arises before the Court has certified a class action as maintainable?

3. At a Rule 23(c)(1) hearing, what type of inquiry should be made by the Court into the merits of plaintiff's claims to ensure that class allegations are not being used extortionately?

4. What are the obligations of counsel for plaintiff, legally and professionally, regarding absent class members in settlement negotiations?

5. Assuming the willingness of named parties, to settle, what are the applicable standards to be applied by the court with respect to possible motions to dismiss a class action, to amend pleadings eliminating class allegations, or otherwise remove class claims?

Counsel are directed to submit their legal memoranda discussing the foregoing and any other issues by May 15, 1974.

## SUPPLEMENTAL MEMORANDUM

Before this Court are Plaintiff's Motion to Maintain a Class Action and Defendants' Motion to Deny Class Action. Plaintiff's motion is denied; defendants' motion is granted.

This is a civil rights action alleging sex discrimination in employment hiring and employment practices in violation of 42 U.S.C. § 2000e et seq. ("Title VII"). On January 11, 1974, plaintiff moved to expand this complaint to denote a class action, amplifying a statement made in her original complaint of July 26, 1973, that she was bringing this action on behalf of herself and all other persons similarly situated. *See* Plaintiff's Motion to Maintain a Class Action at 1, January 11, 1974.

On January 30, 1974, this Court ordered that plaintiff's motion be held in abeyance because plaintiff's motion for preliminary injunction was pending, as was defendant Union's motion to dismiss for failure to comply with the prerequisites of § 706 of Title VII. 42 U.S.C. § 2000e-5. Both of these motions were denied on April 3, 1974. *See* Memorandum and Order of the Court, April 3, 1974.

Settlement negotiations had reached an advanced stage by this time with the issue of maintainability of a class action still not resolved by this Court. The Court therefore informed counsel that since the Rule 23(c)(1) determination had not been made, Rule 23(e) would apply, requiring court approval of any dismissal or compromise discussed and agreed to by the parties. Fed.R.Civ.P. 23(e). Further, it was pointed out that the maintainability of a class action in light of the proposed settlement raised several complex legal issues which the Court was hesitant to decide without the full benefit of assistance from counsel.

Accordingly, by order of April 19, 1974, this Court requested legal memoranda from both parties addressed to the general question of the effect of settlement on the maintainability and administration of a class action by the settling plaintiff. *See* Memorandum and Order of the Court, April 19, 1974. Counsel responded ably and with lucidity in assisting the Court to resolve this novel legal question.

## TEST OF MAINTAINABILITY

Certain guidelines exist for determining maintainability of a class action. Evaluation of the plaintiff's case on its merits is not the proper standard to be utilized in deciding whether a class action is proper, Huff v. N. D. Cass Co. of Alabama, 485 F.2d 710 (5th Cir. 1973) (en banc); nor is reliance upon whether the complaint states a cause of action. Miller v. Mackey, 452 F.2d 424 (5th Cir. 1971). The Supreme Court has reiterated the exclusion from consideration of these criteria. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732, 749 (1974). This Court may rely on the pleadings, but it is not bound by their four corners and may go beyond the

pleadings to seek information, even to the extent of conducting an evidentiary hearing. *See* Bradley v. Southern Pacific Co., Inc., 486 F.2d 516 (5th Cir. 1973).

Rule 23(a), Fed.R.Civ.P., sets forth a detailed formula for determining maintainability of a class action, including an analysis of whether: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a); *see* Kohn v. Royall, Koegel & Wells, 59 F.R.D. 515 (S.D.N.Y.1973).

APPLYING THE TEST OF RULE 23(a)

Within these strictures, the Court in this case consulted carefully the pleadings, affidavits and supplementary documents, including Equal Employment Opportunity Commission ("EEOC") findings, and extensive briefs on the question submitted by both sides. The Court was also mindful of the uniquely appropriate utilization of the class action in civil rights cases, which generally involve an allegation of discrimination against a group as well as the violation of rights of particular individuals. McGuire v. Roebuck, 347 F.Supp. 1111, 1125 (E.D.Tex.1972); Advisory Committee's Note to Fed.R.Civ.P. 23(b)(2), 39 F.R.D. 98 (1965).

■ However, upon the foundation provided by the particular facts of this case, this Court concludes that the suit is not maintainable as a class action. This determination in no way indicates any predisposition by this Court as to a question of fact or of law pertaining to the merits of plaintiff's individual claim.

■ This Court understands Rule 23(a) to mandate satisfaction of all four of the requirements contained therein in order for a suit to qualify as an action eligible for class treatment. In this particular case, with the facts involved surrounding the claim of this particular plaintiff, the Court finds a failure on the part of this individual plaintiff to adequately represent the class with a resulting non-satisfaction of Rule 23(a)(4). This conclusion is based on more than just the existence of a possible settlement of the cause of action as to this plaintiff. This Court accepts the principle that "adequacy of representation", as that term is used in Rule 23(a)(4), may not be irrebuttably presumed to be lacking for purposes of determining maintainability merely because a proposed settlement encompasses the claim of the named representative against defendants.

The presence of settlement in this case, however, and especially plaintiff's purported reasons for seeking settlement, call her particular adequacy into question. Plaintiff has made statements attesting to financial burdens with regard to maintenance of two residences, a desire to return to Kansas to rejoin her family, etc. *See* Plaintiff's Memorandum in Response to the Court's Memorandum and Order of April 19, 1974, at 1–2, May 20, 1974. It is the Court's understanding that plaintiff volunteered these statements and initiated, or at least pursued, settlement discussion motivated, at least in part, by these factors. On this basis, the Court views plaintiff as financially unable to bear the costs of adequate class representation. Plaintiff does not appear to have the resources to notify other members of the class, as required by *Eisen,* nor to continue meeting other litigation expenses. Unfortunately, the Court also must take note of the personal antagonism evidenced between plaintiff and other members of the class whom she purports to represent, which creates an atmosphere peculiarly hostile to maintenance of a class action in this case.

The plaintiff is therefore unable to represent adequately the class as defined by her. The class action is thus not maintainable on the claims filed in this suit. As noted earlier, the decision on maintainability does not reflect in any way this Court's predisposition of questions of law or of fact pertaining to plaintiff's individual claim. Still, with the question of maintainability resolved, the Court is now in a position to approve an agreed-upon settlement proposal between plaintiff and defendants, when and if appropriate.