Annette BREWSTER, individually and
on behalf of a Similarly Situated
Persons, Plaintiffs,

v.

WASHINGTON MUTUAL,
INC., Defendant.

No. 03–10071–BC.

United States District Court,
E.D. Michigan,
Northern Division.

Oct. 28, 2003.

Todd H. Nye, Terrence H. Bloomquist and
Associates, Grayling, MI, for plaintiffs.

Craig W. Horn, Braun, Kendrick, Saginaw,
MI, for defendant.

*ORDER DENYING JOINT MOTION FOR APPROVAL OF DISMISSAL OF COMPLAINT CONTAINING CLASS ACTION ALLEGATIONS*

LAWSON, District Judge.

This matter is before the Court on the parties' joint motion for dismissal. The plaintiff, Annette Brewster, filed this action against the defendant, Washington Mutual, Inc., on behalf of herself and a class of similarly situated plaintiffs for the defendant's alleged dilatory practices in posting mortgage payments and then charging fees for late payments created by its own actions. *See* Complaint at ¶¶ 17–34. Before the Court could rule on the class certification issue, however, the parties sought the Court's approval to dismiss this case pursuant to Fed. R.Civ.P. 23(e).

While individual cases may be dismissed by agreement of the parties, cases brought as a class action may only be dismissed upon the Court's approval:

> A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

Fed.R.Civ.P. 23(e).

Little guidance is provided by this Circuit regarding what constitutes proper procedure, and whether notice is required prior to class certification. For that reason, the Court will outline its view of the proper procedure for granting the approval called for under Rule 23(e), and whether notice is required when dismissing a class action prior to class certification with guidance from the handful of cases regarding the issue in the Sixth Circuit and our sister courts.

Rule 23(e)'s provisions apply to dismissals of any case containing class allegations. *Muntz v. Ohio Screw Prod.*, 61 F.R.D. 396, 398 (N.D.Ohio 1973) ("Prior to class certification or a determination that class certification is not warranted, the Court must treat the suit as a class action...."). *See also In re Nazi Era Cases Against German Defendants Litig.*, 198 F.R.D. 429 (D.N.J.2000); *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir.1970); *McArthur v. S. Airways, Inc.*, 556 F.2d 298 (5th Cir.1977); *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621 (7th Cir.1986); *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir.1989); 7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d. § 1797 at 346–50 (1986). *But see Shelton v. Pargo, Inc.*, 582 F.2d 1298 (4th Cir.1978). The Rule protects the interests of absent class members.

 To fulfill Rule 23(e)'s requirements, a court should engage in an inquiry to determine if dismissal is tainted by collusion, or will prejudice absent member of the putative class. When engaging in this analysis, however, the a court "need not perform the substantive oversight required when reviewing the settlement of a certified class, nor need it engage in the laborious duty of conducting a certification determination, as the dismissal is not res judicata against the putative class." *In re Nazi Era Cases*, 198 F.R.D. at 439. Thus, a court "should conduct a careful, factual inquiry into the terms of the settlement, particularly the amount paid the plaintiff in purported compromise of his individual claim and the compensation to be received by the plaintiff's counsel." *Ibid.* The Court may also "accept as sufficient counsels' representations that there has been no collusion or bad faith underlying their motivation in dismissing the class claims." *Ibid.* If after making this inquiry the court finds that neither collusion nor prejudice are present, then it may approve the dismissal.

 Additionally, "the Court must make further inquiry to ascertain what notice, if any, is necessary to protect the interests of the putative class members." *In re Cardizem CD Antitrust Litig.*, No. 99–MD–1278, 2000 WL 33180833 (E.D.Mich. Sept.21, 2000). Courts have refused to adopt a *per se* rule that requires notice to every potential class member every time a potential class is voluntarily dismissed. Rather, most courts have adopted a functional approach test; that is, "if there is no evidence of prejudice to absent class members, then courts have consistently found that notice to absent class members is not required." *Ibid; In re Nazi Era Cases*, 198 F.R.D. at 441 (observing that "there is increasing agreement that notice to putative

class members of a pre-certification dismissal or compromise is not mandated by Rule 23(e)").

■ In the present case the named plaintiff has apparently resolved her dispute with the defendant and seeks to terminate the litigation. However, the parties have not stated the terms of the settlement, or the compensation due to the plaintiff's attorney; and there is no representation from either party that the settlement is free from collusion or bad faith. The parties have assured the Court that no other potential plaintiffs are aware of this action or relying on the litigation to enforce their rights. That is an important factor, but it is not enough for the Court to properly discharge its duties under Rule 23(e).

Accordingly, it is **ORDERED** that the joint motion for approval of dismissal of complaint containing class action allegations [dkt# 29] is **DENIED WITHOUT PREJUDICE**. The parties may renew their motion to dismiss by furnishing additional information, as outlined herein, that will allow the Court to make the appropriate findings under Rule 23(e).