The CITY OF INGLEWOOD and Robert H. Collins et al., Plaintiffs-Appellees,

v.

UNNAMED CITIZENS, RESIDENTS AND OWNERS OF PROPERTY WITHIN the CITY OF INGLEWOOD, Plaintiffs-Appellants,

v.

The CITY OF LOS ANGELES, Defendant-Appellee.

No. 72–2143.

United States Court of Appeals, Ninth Circuit.

Dec. 31, 1974.

Michael M. Berger (argued), of Fadem & Kanner, Beverly Hills, Cal., for appellants.

Donald E. Olson, City Atty., Inglewood (argued), Inglewood, Cal., Milton N. Sherman, Asst. City Atty., Los Angeles (appeared), Los Angeles, Cal., for appellees.

Before HUFSTEDLER and TRASK, Circuit Judges, and NEILL,* District Judge.

## OPINION

PER CURIAM:

This is an appeal from the dismissal of a suit brought as a class action by the City of Inglewood, California, and Robert H. Collins against the City of Los

* Honorable Marshall A. Neill, United States District Judge from the Eastern District of Washington, sitting by designation.

Angeles for damages and for injunctive relief against jet aircraft noise surrounding the Los Angeles International Airport.

The City of Inglewood as "parens patriae" for various "unnamed citizens" filed similar lawsuits in federal and state courts seeking damage and injunctive relief from the noise of jet aircraft operating from the Los Angeles International Airport. The law firm of Fadem & Kanner was retained by written contract as "Special Counsel" to prosecute the cases with the Inglewood City Attorney having "continuing control of all litigation undertaken . . . .." For numerous tactical reasons, on March 7, 1972, the Inglewood City Council by formal resolution authorized the City Attorney to dismiss the suit pending in federal court and prosecute the state action alone. Acting upon this authorization, the City Attorney moved for the dismissal of the federal action. Fadem & Kanner opposed this motion and argued that the district court could not order a dismissal without first notifying all the members of the class. The district court rejected this argument on the ground that suit had never been formally approved as a class action pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure. Taking cognizance of the pending state court action, the district court granted Inglewood's motion for dismissal without a notice compliance.

Appellant Fadem & Kanner appeals on behalf of the "unnamed citizens" of Inglewood whose interests are allegedly jeopardized by the dismissal below. There is no allegation that any of the unnamed citizens ever authorized Fadem & Kanner's representation, nor does Fadem & Kanner claim to be a member of the class. Fed.R.Civ.P. 23(e) states:

"A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

The problem here is not whether this notice directive is binding before a formal 23(c)(1) determination of the appropriateness of the class has been made, but whether Fadem & Kanner have standing to bring this appeal.

This court, in its previous review of the case, Inglewood v. Los Angeles, 451 F.2d 948, 951 (9th Cir. 1971), indicated that a suit brought as a class action must be treated as such until a formal 23(c)(1) decision is made:

"However, we recognize that the requirement such determination is to be made 'as soon as practicable' leaves much room for discretion. '[It] will obviously vary from case to case.' Frankel, Some Preliminary Observations Concerning Civil Rule 23 (D.C. 1968) 43 F.R.D. 39, 41–42.

'* * * whatever uncertainties exist as to the precise status of an action brought as a class action, during the interim between filing and the 23(c)(1) determination by the court, *it must be assumed to be a class action for purposes of dismissal* or compromise under 23(e) unless and until a contrary determination is made under 23(c)(1).' [Emphasis added]

Philadelphia Electric Co. v. Anaconda American Brass Co., (E.D. Pa., 1967) 42 F.R.D. 324, 326.

"We hold therefore, it was proper for the district court to assume the suit was a class action in order to determine if it had jurisdiction, without first making the finding required by 23(c)(1); and that this court must likewise assume this was a class action until a contrary determination is made."

On October 2, 1974, while this opinion was in course of preparation, a letter was received notifying the court of a September 6, 1974, opinion of the Supreme Court of California, in the case of City of San Jose v. Superior Court of Santa Clara County, 12 Cal.3d 447, 115 Cal.Rptr. 797, 525 P.2d 701 (1974). In that case the court held that the trial court abused its discretion in certifying as a class action a suit against the City of San Jose on behalf

of all real property owners "in the flight pattern" of the San Jose Municipal Airport. The letter to this court was sent jointly by Mr. Fadem, "Attorneys for Appellants," and by Mr. Olson, City Attorney for Appellee City of Inglewood. There was no mention of Mr. Collins.[1] The attorneys maintain that the action to dismiss the suit in federal court and the appeal herein was based upon an assumption that the class action for damages "could proceed in the State Court." The letter states that because it now appeared as a result of the decision of the Supreme Court of California that this was no longer a correct assumption, both counsel for the City of Inglewood and the unnamed class members "request the Court to consider these changed circumstances in rendering its decision herein."

We have duly noted the decision and opinion of the California Supreme Court. The situation in which the litigants now find themselves does not, however, alter the decision to be made here.

We dismiss the appeal. Fadem & Kanner, the special counsel of the City of Inglewood, is not a member of the proposed class and does not purport to be. On this appeal it purports only to represent as appellant "the unnamed citizens, residents and owners of property within the City of Inglewood, on whose behalf this class action was brought, hereafter referred to as the Injured Class." Appellants' Brief at 4. There has been no order by the district court determining whether the action "is to be so maintained" as a class action. There is no allegation that any of these unnamed appellants ever authorized Fadem & Kanner's representation of them either originally or on appeal. The City of Inglewood had declined to proceed and has instructed its counsel to dismiss the action. Resolution No. 6444.

It appears, therefore, that there is no standing to maintain the action by Fadem & Kanner, Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974); Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), and thus no justiciability as a case or controversy within Article III of the Constitution. United States v. Richardson, 418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); Flast v. Cohen, 392 U.S. 83, 95 n. 13, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

The appeal is dismissed.

---

1. The status of Robert H. Collins as a plaintiff-litigant is obscure. Fadem & Kanner does not mention him as one of their clients but refer only to the "unnamed citizens." The attorney for the City of Inglewood states categorically that "Mr. Fadem presently is neither a party in interest himself nor a representa-

tive of any such party and, therefore, no longer has standing to assert any rights on appeal or otherwise on behalf of any party to this action." Because Inglewood and Collins are both listed as "Appellees" on appeal and the City Attorney signed the brief for them, we assume both join in the dismissal motion.