**PHILADELPHIA ELECTRIC COMPANY**

v.

**ANACONDA AMERICAN BRASS COMPANY et al.**

No. 41734 and related cases.

United States District Court
E. D. Pennsylvania.

June 30, 1967.

See also 41 F.R.D. 518.

Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhoads, David F. Maxwell, Obermayer, Rebmann, Maxwell & Hippel, Robert W. Sayre, Saul, Ewing, Remick & Saul, Lewis H. Van Dusen, Jr., Drinker, Biddle & Reath, Samuel B. Fortenbaugh, Jr., Clark, Ladner, Fortenbaugh & Young, Arthur H. Kahn, Schnader, Harrison, Segal & Lewis, Henry T. Reath, Duane, Morris & Heckscher, Leonard J. Cook, Shapiro, Stalberg, Cook, Murphy & Kalodner, S. Gordon Elkins, Stradley, Ronon, Stevens & Young, John G. Harkins, Jr., Pepper, Hamilton & Scheetz, H. Francis DeLone, Philadelphia, Pa., for defendants.

## MEMORANDUM

FULLAM, District Judge.

These actions were filed as class actions, brought on behalf of the named plaintiffs and all other similar entities who suffered damages as a result of an alleged conspiracy in violation of the antitrust laws. Fed.R.Civ.P. 23(c) (1) directs that "as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained * * *." Counsel have requested leave to file affidavits, counter-affidavits and briefs on this issue, and have indicated that they wish oral argument and possibly additional discovery (depending upon the nature of the affidavits filed) before this initial determination is made. It seems likely, therefore, that the class action question will remain open for at least two or three more months.

Meanwhile, the plaintiffs and three of the thirteen remaining defendants have tentatively settled their differences, and have joined in requesting approval of the proposed settlements and dismissal of the actions, with prejudice, as to the settling defendants. Since Fed.R.Civ.P. 23(e) requires that "notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs"

Harold E. Kohn, Dilworth, Paxson, Kalish, Kohn & Levy, David Berger, Cohen, Shapiro, Berger, Polisher & Cohen, Philadelphia, Pa., for plaintiff.

before any such compromise or dismissal can be approved; and since it is obvious that no such notice can possibly be given at the present stage of the case, inasmuch as no class or classes have yet been determined, or even generally identified; the present applications give rise to a number of difficult problems.[1]

It is first necessary to consider whether Rule 23(e) has any application to an action which, while brought as a class action, has not yet been determined to be one. The provisions of Rule 23 generally do not shed much light on the status to be accorded such cases between the date of filing and the date of the determination under 23(c) (1). Various possibilities have been argued: proponents of the settlements contend that, at least for some purposes, a class action does not become a class action until the court determines that it may be maintained as such. Even under this view, however, further refinements must be pursued. If the action is held to be a class action, does it then become one as of the date of filing, or merely as of the date of the determination? The use of the word "maintained" in 23(c) (1) is some indication that the court is expected to determine what the lawsuit has always been, not what it is about to become.

But of greater significance, in my view, is the fact that well nigh insoluble problems relating to the application of the statute of limitations would arise if the proponents' contention as to the non-retroactivity of the 23(c) (1) determination were accepted. These actions were filed within a week or two of the expiration of the limitations period. Unless the 23(c) (1) determination is to be retroactive to the filing date, it is already moot. (It should perhaps be mentioned that various applications for intervention, approximately one hundred in number, are being held in abeyance pending determination of the class action question; and that the defendants have reserved the right to argue at a later date that these claims, and all prospective additional claims, are time-barred, irrespective of the class action determination. I am not hereby foreclosing such arguments, nor am I prejudging the issues thus raised).

■ Proponents of the settlements have also argued that the 23(c) (1) determination might be held retroactive as to some matters and not in other respects. I rule out this interpretation as being so rationally difficult that clear language in the rule should be required to reach that result.

■ It is my opinion that whatever uncertainties exist as to the precise status of an action brought as a class action, during the interim between filing and the 23(c) (1) determination by the court, it must be assumed to be a class action for purposes of dismissal or compromise under 23(e) unless and until a contrary determination is made under 23(c) (1).

The advisory committee's note on the 1966 amendments to Rule 23 seems to support this view. The committee has commented:

"A negative determination means that the action should be stripped of its character as a class action. See subdivision (d) (4). Although an action thus becomes a nonclass action, the court may still be receptive to intervention before the decision on the merits * * *."

■ Rule 23(c) (1) contemplates a prompt determination after the filing of the action. If a negative determination

1. The proposed settlements are opposed by several of the remaining defendants. They have no standing to object. Broadway & Ninety-Sixth St. Rlty. Corp. v. Loew's, Inc., 23 F.R.D. 9 (S.D.N.Y.1958). The settlement payments would be credited on account of the overall recoveries, if any.

Flintkote Co. v. Lysfjord, 246 F.2d 368 (9th Cir.), cert. den. 355 U.S. 835, 78 S. Ct. 54, 2 L.Ed.2d 46 (1957).
Nevertheless, it is the duty of the court to give effect to the applicable procedural rules.

is made, no cognizable permanent harm is done by delaying compromise settlements in anticipation of the possible applicability of Rule 23(e). If the determination is affirmative, then there are absent parties whose rights should not have been permanently affected without notice.

Under Fed.R.Civ.P. 23(c) (4), it is possible that these actions might be held to be class actions as to some issues and not as to others. The existence of this possibility serves to emphasize the practical difficulties inherent in any attempt to act upon the present settlement proposals at this time.

Proponents of these settlements argue that they are proceeding under Fed.R.Civ.P. 54(b) which provides:

"(b) *Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties * * * "

But this assertion does little to advance their cause. Rule 54(b) is concerned with the finality and appealability of judgments, not with their correctness; it does not supersede Rule 23 as to class actions; and in any event, it requires an express finding "that there is no just reason for delay", and I am unable to make such a finding on the present record.

It is further contended that Rule 23(e) is not applicable to the present situation, since what is now sought does not amount to a dismissal or compromise of the entire action. Reference is made to the provisions of Fed.R.Civ.P. 21:

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * * "

In an appropriate case, this rule might well provide an escape from the literal application of Rule 23(e) in class actions. If it clearly appeared, for example, that a party had been inadvertently named as a defendant, it seems reasonable to suppose that Rule 23(e) might be held not to apply.

But it can scarcely be seriously contended that the dismissals now sought amount to no more than the dropping of a party under Rule 21. Under the terms of the proposed settlements, the three settling defendants would be paying more than four million dollars. Needless to say, these settlements contemplate the entry of final judgments barring all further claims by the named plaintiffs and by any of the class or classes they purport to represent. The record before me affords no basis for estimating the accuracy of the assertion by some of the other defendants that these sums greatly exceed the pro-rata share of the settling defendants, with respect to the total of the claims foreseeably provable by claimants thus far known. Under any view of the matter, however, the proposed settlements must be regarded as attempting to compromise the claims of the class, not just the named plaintiffs. Rule 23(e) clearly applies to this situation; indeed, due process concepts might well be held to require notice, even in the absence of Rule 23(e).

Fed.R.Civ.P. 41 has also been referred to in the briefs and arguments, but this is expressly made subject to the provi-

sions of [former] Rule 23(c) [now 23(e)].

 The conclusion that Rule 23(e) precludes court approval of the proposed settlements at the present time is not a totally satisfactory one. I am aware that the magnitude of the potential liability of defendants in this kind of case may largely depend upon whether the Rule 23(c) (1) determination is affirmative or negative. And a strong argument can be made that the parties should be allowed to compromise that issue in advance of the court's determination.

But it can also be argued that a court should know what claims are being compromised, before being asked to approve a compromise; and that no litigant should be permitted to enhance his own bargaining power by merely alleging that he is acting for a class of litigants. Under the present Rule 23, an allegation of class representation is attended by serious consequences.

It is clear that the purpose of the 1966 amendments to Rule 23 was to eliminate much of the confusion as to the binding effect of judgments in class actions, and the unworkable conceptual distinctions between "true", "hybrid", and "spurious" class actions. It is also clear that the outcome of a class action under the new rule is binding upon all members of the class, unless they take affirmative action to remove themselves from the class. Under these circumstances, it is imperative that no final result be achieved as to any party without notice to those potentially affected thereby.

It should not go without mention that, at an earlier stage of this litigation, a compromise settlement with one defend-ant in the sum of approximately $403,500 was approved and that defendant was dismissed from the case. However, this occurred without formal objection from anyone, and, in view of the amount involved and the number and size of the remaining defendants, could probably be regarded as having no significant effect upon the claims of absent members of the class, if any.[2]

It should also be mentioned that I am not to be understood as disapproving the amount or propriety of the settlements now proposed. Nor do I mean to hold that the disposition of these compromise proposals must inevitably await the final determination of the class action question. My only concern is with notice. It is conceivable that enough information about the claimed class or classes could be supplied to support the formulation of an adequate notice under Rule 23(d). Or perhaps the known parties and prospective parties can obtain the benefit of the proposed settlements by means of indemnification agreements. I express no opinion on either of these subjects.

### ORDER

And now, this 30th day of June, 1967, it is hereby ordered that the respective motions of the plaintiffs and of the following defendants, Anaconda American Brass Company, Phelps Dodge Copper Products Corporation and Scovill Manufacturing Company, for approval of the compromise settlement of these actions and for the dismissal of the said defendants as parties hereto, shall be held in abeyance pending the determination of the class action question under Fed.R. Civ.P. 23(c) (1) or until further order of court.

2. Under the terms of the settlement, the money is being held in escrow for the benefit of all present and future claimants, to be distributed only with court approval. The same arrangements are embodied in the settlement proposals now under consideration. This reduces the likelihood of actual prejudice to future claimants, but does not eliminate their right to be heard; the greater amounts involved in the present settlements make this right to be heard less nearly *de minimis*.