Jacob E. YAFFE et al., Plaintiffs,

v.

DETROIT STEEL CORPORATION et al., Defendants.

No. 70 C 1302.

United States District Court, N. D. Illinois, E. D.

Sept. 21, 1970.

Donald Barliant and Earl Yaffe, Chicago, Ill., for plaintiffs.

Wm. Bruce Hoff, Jr., and William A. Gordon, Mayer, Brown & Platt, Chicago, Ill., for defendant Detroit Steel Corp.

Don H. Reuben, Elmer W. Johnson, Lawrence Gunnels and John E. Angle, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for defendant Cleveland-Cliffs Iron Co.

Robert L. Becker, Jr. and Joseph A. Katarincic, Pittsburgh, Pa., for Cyclops Corp.

## MEMORANDUM OPINION

DECKER, District Judge.

In May, 1970 Cleveland-Cliffs Iron Company offered to purchase the outstanding shares of Detroit Steel Corporation. This lawsuit was brought shortly thereafter by certain Detroit Steel shareholders, on their own behalf and on behalf of a class of other shareholders, to challenge the legality of this tender offer. Money damages and equitable relief were prayed for.

Although certain preliminary motions were presented, no formal motion for the definition of the class was filed despite considerable urging from the court. For example, when informed at a hearing on August 3 that settlement negotiations had been carried on, the court asked it it were not "time to get the class ascertained before these discussions go too far." And when asked what he proposed to do "with reference to the class action," counsel for plaintiffs stated that a motion for class action determination would be filed after completion of their discovery. Again, at a conference in chambers, plaintiffs' counsel were urged to expedite the matter of class determination and ascertainment.

When the court left the area for a short time during the summer recess, counsel for all parties were advised that anything of significance should be brought to the attention of my office, to be referred to me, rather than to the emergency motions judge. Nevertheless, and apparently without explanation of the circumstances, plaintiffs sought and were granted leave by the emergency judge to amend their complaint to strike all references to a class action. Following shortly on the heels of this amendment, a settlement was reached as to the named plaintiffs. They have now presented a stipulation to dismiss the action.

Rule 23(e) of the Federal Rules of Civil Procedure provides that "[a] class

action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Therefore, if this lawsuit is still properly considered to be a class action, dismissal is improper since notice has not been sent to the class.

■ Although case authority is sparse, the rule appears to be that a suit filed as a class action is "treated as such for purposes of dismissal or compromise, until there is a full determination that the class action is not proper." Kahan v. Rosenstiel, 424 F.2d 161, 169 (3d Cir. 1970). And see Philadelphia Electric Co. v. Anaconda American Brass Co., 42 F.R.D. 324, 326 (E.D.Pa.1967); Gaddis v. Wyman, 304 F.Supp. 713, 715 (S.D. N.Y.1969); cf. Berger v. Purolator Products, Inc., 41 F.R.D. 542 (S.D.N.Y. 1966). Thus, the fact that a class action determination has not yet been made in this case does not remove this proposed dismissal from the requirements of Rule 23(e).

■ A more difficult question is presented by the fact that the class action allegations have been deleted by the amended complaint. Because only one of the four defendants has filed a responsive pleading, F.R.Civ.P. 15(a) would appear to permit this amendment "as a matter of course." Goldlawr, Inc. v. Shubert, 169 F.Supp. 677, 689 (E.D. Pa.1958); Pallant v. Sinatra, 7 F.R.D. 293 (S.D.N.Y.1945). However, because it is clear on the facts of this case that permitting this amendment would result in evasion of Rule 23(e), the order allowing it must be vacated.

In the first instance, permitting this amendment might well prejudice the rights of the class members. This lawsuit, and the acquisition it challenges, have received publicity in the financial press and, on at least one occasion, counsel for plaintiffs issued a press release which found its way into the Wall Street Journal. Moreover, counsel for plaintiffs participated in drawing up proxy materials sent to Detroit Steel shareholders which mentioned that this lawsuit was filed as a class action. It is altogether possible, therefore, that some class members, choosing to rely on this lawsuit as their means of redress, have decided not to file separate actions. Consequently, permitting this amendment without notice could result in an unwitting forfeiture of their rights.

Secondly, such an amendment is an impermissible abuse of the class action device. Armed with class action allegations in their complaint, and with the possibility of amendment as of right, the named plaintiffs have additional leverage when negotiating for settlements of their individual claims. This is so because the defendants might well be willing to pay the named plaintiffs a premium for the elimination of the class, a premium to which they are, of course, not entitled. "[N]o litigant should be permitted to enhance his own bargaining power by merely alleging that he is acting for a class of litigants." Philadelphia Electric Co. v. Anaconda American Brass Co., supra, 42 F.R.D. at 328. It was undoubtedly fear of such abuses which led the drafters of Rule 23 to require court approval, and notice to class members, of all class action settlements.

Because literal adherence to the amendment provisions of Rule 15 in this case would subvert the purpose of Rule 23(e), the order permitting amendment of plaintiffs' complaint is vacated and the stipulation of dismissal of the action is disallowed. It is further ordered that a hearing be held on September 24, 1970, at 10:00 A.M., to determine if plaintiffs and their counsel "will fairly and adequately protect the interests of the class." Rule 23(a)(4).