Patricia C. McARTHUR, Plaintiff,

Fay Mathews Eubanks et al., for themselves and all other female employees similarly situated, Plaintiffs-Appellants Cross-Appellees,

v.

SOUTHERN AIRWAYS, INC., et al., Defendants-Appellees Cross-Appellants,

and

Myra Blackburn et al., Intervenors-Co-Defendants-Appellees, Cross-Appellants.

No. 75–3933.

United States Court of Appeals, Fifth Circuit.

July 22, 1977.

Rehearing En Banc Granted Oct. 11, 1977.

J. R. Goldthwaite, Jr., Atlanta, Ga., for plaintiff.

John B. Shepard, Erle Phillips, Atlanta, Ga., for Southern Airways.

John F. O'Donnell, Asher W. Schwartz, Renee H. Rivkis, Malcolm A. Goldstein, New York City, for Transport Workers Union.

Duane C. Aldrich, Richard R. Boisseau, Atlanta, Ga., for Rep. Blackburn, et al.

Before CLARK and GEE, Circuit Judges, and MARKEY *, Chief Judge.

CLARK, Circuit Judge:

This appeal presents a diverse combination of litigants who raise a wide variety of legal arguments all of which are affected by an erroneous procedural ruling with broad impact and the intervention of significant new precedents after the instant appeal was filed. The coalescence of these factors indicate that the appeal should not be resolved in an ordinary way. 28 U.S.C. § 2106 (1970) authorizes us to require fur-ther proceedings in cases brought here for review as may be just under the circumstances. Pursuant to that authority, we correct the procedural error and remand the case for a fresh and orderly resolution in the district court.

Three former female Southern flight attendants [1] filed, on behalf of themselves and all former female flight attendants similarly situated, a complaint alleging that Southern had discriminated against them in their employment on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (the Act), 42 U.S.C. §§ 2000e *et seq.* Defendants are Southern and the collective bargaining representatives for Southern's flight attendants (union defendants): Transport Workers Union of America, a national union; and its representative, Local 550, Airline Stewards and Stewardesses Association. Each class representative had resigned or been terminated from her position as flight attendant when she married because of Southern's official policy forbidding employment of married female flight attendants. Before any defendant filed an answer, nine other former female flight attendants [2] moved to intervene as party-plaintiffs, and all twelve moved to amend the complaint by deleting the class action allegations. The district court granted the motions in their entirety.

The twelve plaintiffs and the defendants compromised the individual claims and presented a consent decree to the district court which it approved. The consent decree provided that plaintiffs be reinstated as flight attendants with full seniority as of their date of original hire. They were also afforded several privileges attendant to seniority, including full salary, retirement and vacation benefits, and choice-of-base and choice-of-flight privileges. Under the consent decree, counsel for plaintiffs received $5,000 in attorney's fees, and plain-

---

* Of the U. S. Court of Customs and Patent Appeals, sitting by designation.

1. Patricia C. McArthur, Fay Mathews Eubanks (now Fay Mathews Eubanks Hydricks), and Jo Evelyn Hawk Lowe.

2. Nancy Johnson Collard, Ann Norfleet Prouty, Carole Muller, Charlotte Millwood Holland, Sue Brooks Barnwell, June Childress Scarboro, Joy Dean Ferrill, Dorothy Bradley Sebo, and Mary Lou Arsenault Nelms.

tiffs surrendered all causes of action or claims for relief they might otherwise have had under the pleadings.

Several currently employed female Southern flight attendants[3] subsequently moved to intervene, on behalf of themselves and all others similarly situated, and to vacate the consent decree which had effectively displaced their positions of seniority with Southern. The district court permitted the intervention subject to plaintiffs' and defendants' written objections. It temporarily denied intervenors' motion to vacate, except that, pending resolution of the merits of the intervenors' arguments, implementation of seniority benefits was stayed to the extent that it would displace any currently employed flight attendants.

Plaintiffs and Southern initially opposed the intervention and the motion to vacate the consent decree.[4] Both argued that intervenors had no substantial interest in the action or had not been substantially harmed and that the consent decree was, in all respects, proper. Intervenors objected to the consent decree on the ground that, among other things, plaintiffs could not drop the class action allegations from their complaint as a part of an agreement to settle the action with defendants.

After several conferences between the district court, plaintiffs, intervenors, and Southern, at which extensive but unsuccessful settlement negotiations took place, the district court scheduled a trial to consider the merits of the original consent decree. On the Friday before the proposed Monday trial, Southern announced for the first time that it would move to amend its original answer and oppose plaintiffs' claims. At the trial Southern argued that the consent decree was invalid because, among other things, plaintiffs' Title VII claims were time-barred under 42 U.S.C. § 2000e–5(d)[5] and the district court was without jurisdiction of the case. In support of the original consent decree, plaintiffs contended that, by entering into the original settlement, Southern waived its right to oppose their claims to reinstatement with seniority and was estopped to repudiate its original position. Southern, plaintiffs, and intervenors presented evidence on the merits of the original consent decree. At the district court's request, all parties submitted post-trial memoranda setting forth their contentions on this issue.

In its final opinion, the district court held, among other things: The currently employed female Southern flight attendants could intervene since the original consent

**3.** Myra Blackburn, Brenda Cantrell, Roberta Caulk, Karen Ellis, Mary Don Erskine, Sharon Henderson, Linda McQuarrie, Diane Robertson, Fay Rogers, and Kay Wright.

**4.** The union defendants did not oppose the motions of the currently employed female flight attendants. From the time they presented their motions to the district court and it permitted them to intervene until the district court partially modified the consent decree in its final opinion, the union defendants did not actively participate in the proceedings below.

    After the district court rendered its decision, the union defendants submitted two affidavits to the district court which expressed their views regarding the district's modification of the consent decree. In both affidavits the union defendants endorsed the consent decree as approved by the district court. This endorsement was subject to the qualification, however, that if facts developed beyond those in the record establishing that any one or more of the plaintiffs had not been discriminated against by Southern, then the union defendants would consent to any appropriate amendments to the consent decree. The union defendants also noted that they had acted for all employees, past and present, as a group in consenting to the settlement and that if any portion of the group believed that they had been unjustly treated by the unions' decision, they had the right to challenge it as a breach of the unions' duty of fair representation. See note 6 *infra.*

**5.** As originally enacted, alleged victims of Title VII employment discrimination had 90 days from the date of discrimination within which to file a charge with the Equal Employment Opportunity Commission (EEOC). Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(d), 78 Stat. 260 (1964). In 1972, the Act was amended, extending the time for filing a charge to 180 days, effective March 24, 1972. Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–5(e), 78 Stat. 103 (1972). Timely filing of a charge with the EEOC is a prerequisite to maintaining a Title VII action. *United Air Lines, Inc. v. Evans,* —— U.S. ——, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

decree affected their positions of seniority with Southern. Intervenors were not members of the class that plaintiffs represented in their original complaint and were not entitled to receive notice of plaintiffs' amendment deleting the class claims. Intervenors were permitted to raise issues related to their relative seniority status with Southern and could not raise any jurisdictional issues. Southern was estopped to repudiate the consent decree and had waived its right to contend that plaintiffs' claims were time-barred under Title VII. Plaintiffs were entitled, as of right, to amend their action to delete the class claims and convert their suit into a multiple-party action under Federal Rule Civil Procedure 15(a) prior to the filing of the defendants' answer or the court's sanction of the suit as a class action under Federal Rule Civil Procedure 23(c)(1). Plaintiffs were not so numerous that joinder of all members was impracticable as required by rule 23(a)(1). Finally, after reviewing the parties' arguments relative to seniority, the award of full seniority to the 12 plaintiffs was permanently set aside. Six plaintiffs were found to be entitled to seniority benefits of varying lengths, and the remaining six were found not to be entitled to any award of seniority.

Plaintiffs, intervenors, and Southern appeal or cross-appeal and present this court with various arguments that attack or support the district court's decision.[6] Our resolution of the case requires us to reach only those issues pertaining to rules 15(a) and 23.

### Federal Rules of Civil Procedure 15 & 23

Plaintiffs and Southern argue that intervenors are not members of the class represented in plaintiffs' original complaint and that therefore they have no standing to object to any of the district court's rulings under rules 15(a) and 23 which affect the rights of absentee class members. We do not deem it crucial, however, that intervenors must possess standing for us to review the district court's rulings. We have repeatedly recognized that rule 23 vests the district courts with

**6.** Of all original plaintiffs, only Jo E. Hawk Lowe, Fay Mathews Hydrick, Ann Norfleet Prouty, June Childress Scarboro, Dorothy Bradley Sebo, and Mary Lou Arsenault Nelms have appealed.

Plaintiffs argue: (1) The original consent decree approved by the district court should not have been modified and should be reinstated; (2) the district court's refusal to grant their request for additional attorneys' fees over its initial award of $5,000 was error; (3) by its actions Southern is estopped from contesting the court's jurisdiction over the suit; (4) intervenors may not raise any jurisdictional arguments because the district court restricted their right of intervention to those issues pertaining to seniority; and, (5) because they are not members of the class sought to be represented originally by plaintiffs, intervenors do not have standing to raise any issues under Federal Rule Civil Procedure 23.

Intervenors argue: (1) They have a substantial interest in the action and thus the district court's order permitting them to intervene is proper; (2) plaintiffs' amendment of their complaint and deletion of the class allegations without notice to absentee class members was error under rule 23(e); (3) assuming the amendment is proper, the district court lacks jurisdiction over the action because of plaintiffs' failure to comply with the jurisdictional prerequisites to maintaining a Title VII action; (4) assuming the amendment is proper and the district court

has jurisdiction over the claims of some of the plaintiffs, it has no jurisdiction over the claims of those plaintiffs who failed to exhaust their remedies with the EEOC; (5) the district court erred in awarding any seniority to plaintiffs without analyzing intervenor's arguments on the merits; and, (6) the district court's refusal to award intervenors attorney's fees as a prevailing party under 42 U.S.C. § 2000e–5(k) was error.

Southern argues: (1) The consent decree as modified was proper; (2) intervenors are not a prevailing party under 42 U.S.C. § 2000e–5(k) and denial of their request for attorney's fees was correct; (3) intervenors lack standing to contest the plaintiffs' amendment to their complaint deleting the class claims from their complaint; and, (4) the district court's allowance of the amendment under rule 15(a) was proper. In its cross-appeal, Southern argues that the district court's refusal to dismiss the plaintiffs' suit for lack of jurisdiction was improper because their claims are time-barred under Title VII.

Union defendants argue that the district court's refusal to award intervenors attorney's fees as a prevailing party was correct. Although they did not file a cross-appeal, union defendants also assert that the original consent decree as approved by the district court was proper.

broad authority when managing class actions, *Hitt v. Nissan Motor Co. (In re Nissan Motor Corp. Antitrust Litigation)*, 552 F.2d 1088, 1095–1096 (1977), and "indeed insist upon, the court's participation as the manager of the case." *Gordon v. Eastern Air Lines, Inc. (In re Air Crash Disaster at Florida Everglades on December 29, 1972)*, 549 F.2d 1006, 1012 n.8 (1977). Once a class suit is filed, the district court's supervisory role is not dependent upon the parties' presenting certain motions to the district court. We have held that, under rule 23(c)(1), a district court has an independent obligation to determine whether an action shall proceed as a class action. *Rodriguez v. East Texas Motor Freight*, 505 F.2d 40, 49–50 (1974), *rev'd on other grounds,* —— U.S. ——, —— – ——, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). Rule 23(e), which is written in obligatory terms similar to subdivision (c)(1), requires the district court to give absentee class members some form of notice prior to the dismissal or compromise of a class action. Because rule 23(e) is designed to promote important policies which we discuss below, we hold that this obligation is one which the parties to a class action may not waive, *cf. Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175–76, 94 S.Ct. 2140, 2151–52, 40 L.Ed.2d 732 (1974), that, similar to 23(c)(1), it imposes an independent obligation upon the district court to act, and that the failure of the district court to comply with its requirements is reviewable on appeal.

Plaintiffs argue that the district court acted properly in permitting them to delete their claims since it found that "plaintiffs and other discriminatees are not sufficiently numerous as to fulfill the requirements of [rule 23(a)(1)]." No evidence was ever submitted to the district court, however, as to the size of the alleged class described in plaintiffs' original complaint. Its finding in this regard is unsupported and thus clearly erroneous. Fed.R.Civ.Pro. 52(a); *see East Texas Motor Freight System, Inc. v. Rodriguez*, —— U.S. ——, ——, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); *Carey v. Greyhound Bus Co.*, 500 F.2d 1372, 1379–81 (5th Cir. 1974). *See generally Jones v. Diamond*, 519 F.2d 1090, 1099–1100 (5th Cir. 1975).

Plaintiffs also contend that, under Federal Rule Civil Procedure 15(a), they were entitled to amend their complaint and delete their class claims as of right prior to the filing of a responsive pleading by defendants. Rule 15(a) cannot be considered alone. It must be construed in this situation with rule 23(e) which provides for mandatory notice to absentee class members before the district court approves the dismissal or compromise of a class suit. Before considering plaintiffs' argument, it is appropriate to establish the context in which plaintiffs' amendment was made and delineate the relation between rules 15(a) and 23(e).

■ A complaint that contains class action allegations is presumed to be a proper class suit between the time it is filed and the district court determines whether it satisfies the requirements of rule 23. *Pearson v. Ecological Science Corp.*, 522 F.2d 171, 177 (5th Cir. 1975), *cert. denied sub nom., Skydell v. Ecological Science Corp.*, 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976); *Held v. Missouri Pacific Railroad*, 64 F.R.D. 346, 347 (S.D.Tex.1974). Accordingly, when plaintiffs moved to delete the class allegations from their complaint under rule 15(a), the action was subject to rule 23.

Subdivision (e) of rule 23 provides:

Dismissal or compromise. A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

■ The *Advisory Committee's Note to Rule 23*, 39 F.R.D. 98, 107 (1966), sheds little light on the purposes of rule 23(e). As Judge Simpson noted, however, it serves the "special prophylactic function . . . [of assuring] 'that any person whose rights would be affected by a dismissal or compromise has the opportunity to contest the proposed action.'" *Pearson v. Ecological Science Corp.*, 522 F.2d at 176, *quoting* 7A C. Wright & A. Miller, Federal Practice &

Procedure § 1797, at 234 (1972). Its mandatory requirement of notice prevents both class representatives and class opponents from abusing the class action device at the expense of absentee class members' rights. Class representatives are precluded from filing a class suit to enhance their individual bargaining position in settlement negotiations and then upon receiving favorable treatment of their personal claims either partially sacrificing or completely abandoning the class claims. *See Held v. Missouri Pacific Railroad*, 64 F.R.D. at 347–48; *Muntz v. Ohio Screw Products*, 61 F.R.D. 396, 398 (N.D.Ohio 1973); *Yaffe v. Detroit Steel Corp.*, 50 F.R.D. 481, 483 (N.D.Ill. 1970); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 42 F.R.D. 324, 328 (E.D.Pa.1967). *See generally Developments in the Law-Class Actions*, 89 Harv.L.Rev. 1318, 1540 & n.22 (1976). Moreover, dismissal or compromise of the class suit without notice may be detrimental to those persons who relied upon the class suit as the primary means of vindicating their legal claims. *See Muntz v. Ohio Screw Products*, 61 F.R.D. at 398; *Rothman v. Gould*, 52 F.R.D. 494, 496 (S.D.N.Y.1971); *Yaffe v. Detroit Steel Corp.*, 50 F.R.D. at 483; Comment, *Involuntary Dismissals of Class Actions*, 40 U.Chi.L.Rev. 783, 801–04 (1973). For example, filing a class suit tolls the statute of limitations for the claims of the entire class. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 767, 38 L.Ed.2d 713 (1974). Dismissal of the class suit without notice may result in absentee class members' losing their claims entirely if they subsequently fail to file individual claims since the statute of limitations begins to run again upon dismissal of the class claim. *See id.* at 561, 94 S.Ct. at 770; *Developments in the Law-Class Actions*, 89 Harv.L.Rev. 1318, 1540–41 (1976).

In the action below, plaintiffs moved to drop the absentee class members under rule 15(a) which provides in part that a "party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." This court, in *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 872–73 (1976), *aff'd and vacated in part on other grounds*, 545 F.2d 919, 933 (1977), held that a party-plaintiff may use rule 15(a) as of right to add another defendant to the suit prior to service of a responsive pleading. We noted that a practical justification for our holding was that "the court should not have to be concerned with passing on amendments at an early stage when there is little likelihood of prejudice to other parties." 526 F.2d at 873. While this ordinarily may be correct, such is not the case here.

At no time have plaintiffs disputed that the class claims were dropped as a part of their agreement to settle with defendants. Nor could they reasonably do so. As originally submitted to the district court, the proposed settlement was extremely favorable to plaintiffs individually. That plaintiffs' amendment to delete the class claims from the complaint spurred the bargain struck in the original settlement is patent. Yet this settlement, which sacrifices the claims of absentee class members, enriches the class representatives and could ultimately prejudice the right of absent class members to assert their separate claims, provides a classic example of what rule 23(e) is designed to prevent. Because rule 15(a) should not be utilized in an attempt to circumvent the mandatory notice requirements of rule 23(e), we hold that the district court committed error in permitting plaintiffs to delete their class claims under rule 15(a) and proceed to settlement without first providing the absentee class members with notice of the proposed dismissal. *Yaffe v. Detroit Steel Corp.*, 50 F.R.D. at 483; *see Philadelphia Electric Co. v. Anaconda American Brass Co.*, 42 F.R.D. at 327; *cf. Pearson v. Ecological Science Corp.*, 522 F.2d at 176–77. *See generally* Dole, *The Settlement of Class Actions for Damages*, 71 Colum.L.Rev. 971, 984–85 (1971). Accordingly, the settlement as approved by the district court is vacated in its entirety, and the district court is instructed to reinstate the class claims as a part of plaintiffs' complaint. We strongly recommend that the district court follow those procedures pertinent to the conduct of class suits as set

forth in the Tentative Draft, *Manual for Complex Litigation* §§ 1.45–.46 (fourth revision, July 21, 1976). By doing so, many of the difficulties that arose in this case may be avoided.

██ Between the time that the present action was filed in the district court and today's mandate, three significant decisions relevant to plaintiffs' Title VII claims have been rendered. See *International Brotherhood of Teamsters v. United States,* —— U.S. ——, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *United Air Lines, Inc. v. Evans,* —— U.S. ——, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Stroud v. Delta Air Lines, Inc.,* 544 F.2d 892 (5th Cir. 1977). The complicated factual situation presented by this case must be considered anew in light of these decisions so as to determine the proprietary of the maintenance of plaintiffs' class suit. This task may be best carried out by the district court in the first instance. We remand the case to the district court for that purpose.

VACATED AND REMANDED.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY and RUBIN, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by the Court en banc with oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplemental briefs.