Kenneth A. ANDERBERG,
et al., Plaintiffs,

v.

MASONITE CORPORATION,
et al., Defendants.

No. Civ.A. 1:96CV1657JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 21, 1997.

Everette L. Doffermyre, Jr., Leslie J. Bryan, Georgiana Rizk, Ralph Irving Knowles, Jr., Doffermyre, Shields, Canfield, Knowles & Devine, Atlanta, GA, Michael F. Ram, Steven E. Fineman, Christine J. Anderson, Jonathan D. Selbin, Lieff, Cabraser, Heimann & Bernstein, San Francisco, CA, Richard T. Dorman, McRight, Jackson, Dorman, Myrick & Moore, Mobile, AL, John T. Crowder, Jr., Robert T. Cunningham, Cunningham, Bounds, Yance, Crowder & Brown, Mobile, AL, for plaintiffs.

Alfred B. Adams, III, Tanya Michelle Lawson, Mary Jo Schrade, Holland & Knight, Atlanta, GA, for defendants.

### *ORDER*

FORRESTER, District Judge.

This matter is before the court on Defendants' motion to compel [13–1], Plaintiffs' motion to dismiss their nationwide class allegations [15–1], and Defendants' motion for a determination that a nationwide class cannot be maintained [22–1].

## I. Statement of the Case

On June 28, 1996 Plaintiffs Kenneth A. Anderberg and Beverly Anderberg filed the present action against Defendants Masonite Corporation and International Paper Co. The seven count complaint, filed on behalf of Plaintiffs and all other similarly-situated individuals nationwide alleges that Defendants have manufactured, distributed, and falsely advertised defectively designed roof shingles. Plaintiffs claim that Defendants' shingles are defective in that, when exposed to normal conditions, they absorb moisture and prematurely rot, buckle, crack, or deteriorate.

Furthermore, Plaintiffs allege that Defendants have acted to conceal fraudulently the roof product's defective nature, failed to remove it from the market, and failed to take any other remedial action. The complaint seeks damages, restitution, declaratory, and injunctive relief. Answers were filed on August 27, 1996, and a Preliminary Scheduling Order was entered on September 5, 1996. According to the case schedule agreed upon by the parties, the parties would complete class-related discovery by February 15, 1997, Plaintiffs would file a motion for class certification by March 15, and any opposition to the class would be filed by Defendants by April 15. After the court ruled on the class certification, the parties planned on beginning discovery on the merits of the action.

On February 15, 1997 Plaintiff filed a motion to dismiss the class allegations, amend the complaint, and vacate the August 27, 1996 scheduling order. Defendant filed a response opposing this motion, and on March 20, 1997 filed a motion for a determination that a nationwide class action could not be maintained in this case.

On April 17, 1997 this court held a conference concerning Defendants' motion to compel discovery regarding potential class members. At the conference, the court discussed all the pending motions. Regarding the primary dispute as to whether Plaintiffs would be able to amend away their class allegations, the court provided Plaintiffs with three options: (1) continue with and attempt to certify a nationwide class; (2) pay Defendants' class-related discovery costs and the court would allow them to amend their complaint to drop their class allegations; or (3) streamline the proposed class and seek certification. (April 17, 1997 Hearing Tr. at 13, 19, 24–26). By letter dated May 21, 1997, Plaintiffs have expressed their interest in proceeding with a streamlined, redefined class consisting of all persons or entities presently owning structures in Georgia who have had Defendants' product, manufactured since January 1, 1980, installed.

## II. Discussion

### A. *Plaintiffs' Proffer*

 After reading Plaintiffs' proffered class definition, the court does not believe that this streamlined class is any more likely to be certified than the one defined in the original complaint. The court's primary concern with Plaintiffs' proposed nationwide class arose from the numerous and varying causes of actions contained in Plaintiffs' original complaint, including fraud, negligent misrepresentation, conspiracy to commit fraud, violation of state consumer protection statutes, and breach of express and implied warranties. Causes of action based on fraud are highly individualistic and are therefore often particularly ill-suited to class resolution. The facts of each individual class member will generally vary, for example, as to the types of representations received, the manner in which the representations were made, the degree of class member reliance, and the additional information that the class member may have acquired with due diligence. Due to these numerous individualized issues, management of a fraud class action is generally a difficult proposition. *See Andrews v. American Tel. & Tel. Co.*, 95 F.3d 1014, 1024–25 (11th Cir.1996) (recognizing difficulties in managing fraud class actions); *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 656 (C.D.Cal.1996).

Plaintiffs' proffered class definition does reduce the difficulties that arose from the application of the laws of many different states to different groups of plaintiffs. However, Plaintiffs' reduction of the geographic scope does not rectify the court's concerns with managing a class action containing numerous fraud-based claims. Although the court does not believe this proffered class definition is satisfactory, Plaintiffs remain free to modify further their proposed class definition and submit a formal motion for class certification. The court will make a final Rule 23(c)(1) class determination, if one becomes necessary, when the parties have fully briefed and submitted the matter to the court for consideration.

### B. *Motion to Dismiss Class Allegations*

Plaintiffs move to amend their complaint to dismiss the nationwide class allegations. Although they owned a home with defective

roofing at the time when they filed their complaint, Plaintiffs have since sold it. As a result, they no longer believe that they could adequately represent the interests of those proposed class members who own and live in homes with defective roofing. However, Plaintiffs wish to continue their individual action against Defendants. Defendants oppose this motion on the grounds that they have incurred over $200,000.00 in fees and costs while conducting class-related discovery. They contend that a dismissal at this late stage would greatly prejudice them given the significant time and resources that they have expended on preparing a defense to a class action.

### 1. Procedural posture of Plaintiffs' motion

■■■ As a preliminary matter, Defendants treat Plaintiffs' motion as if it were brought pursuant to Fed.R.Civ.P. 41(a), which requires a plaintiff to obtain leave of the court to dismiss an action after an answer or a motion for summary judgment has been filed by the defendant.[1] When a party seeks to dismiss a single claim in a multi-count complaint instead of an entire action, however, the motion should be treated as a motion to amend the complaint under Rule 15(a) to delete the specific claim. *See, e.g., Gobbo Farms & Orchards v. Poole Chemical Co., Inc.,* 81 F.3d 122, 123 (10th Cir.1996); *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1392 (9th Cir.1988); *Smith, Kline & French Laboratories v. A.H. Robins Co.,* 61 F.R.D. 24, 28–29 (E.D.Pa.1973);[2] *see also*

*Exxon Corp. v. Maryland Cas. Co.,* 599 F.2d 659, 662 & n. 10 (5th Cir.1979) (recognizing that Rule 41 may only apply when a party seeks to dismiss an entire action).[3] Since Plaintiffs do not seek to dismiss the entire action against a single defendant or all the defendants, but merely wish to delete the nationwide class allegations from their complaint, the court will construe their motion as a motion to amend under Rule 15(a). *See McArthur v. Southern Airways, Inc.,* 556 F.2d 298, 301–03 (5th Cir.1977) (discussing amending of complaint under Rule 15(a) to remove class allegations), *vacated on jurisdictional grounds,* 569 F.2d 276, 277 (5th Cir.1978), *Loutfy v. R.R. Donnelley & Sons, Co.,* 148 F.R.D. 599, 602 (N.D.Ill.1993).

■■■ Having reached this conclusion, however, the court is aware that similar standards govern the exercise of the court's discretion under both Rule 41(a) and Rule 15(a), and it will therefore consider Plaintiffs' motion in light of the policies behind both rules. *See Wakefield v. Northern Telecom., Inc.,* 769 F.2d 109, 114 n. 4 (2d Cir.1985); *Mechmetals Corp. v. Telex Computer Products, Inc.,* 709 F.2d 1287, 1294 (9th Cir.1983). Pursuant to Rule 15(a), once a defendant has filed a responsive pleading, a plaintiff may only amend the complaint "by leave of the court or by written consent of the adverse party." As Rule 15(a) envisions liberal allowance to amend, however, there must be some substantial reason justifying denial of the motion. *Espey v. Wainwright,* 734 F.2d 748,

---

1. Fed.R.Civ.P. 41(a) states:
 (a) Voluntary Dismissal: Effect Thereof.
 (1) By Plaintiff, by stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of the court (i) by filing notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . .
 (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiffs' instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .

2. The language of Rule 41 refers to a dismissal of an "action" and not a dismissal of a "claim." *Smith, Kline & French Laboratories,* 61 F.R.D. at

29. The Federal Rules and the cases which construe them, however, make a clear distinction between an "action" and a "claim." *Id.* As a result, Rule 41's reference to dismissal of an "action" does not include dismissal of the separate claims which make up the action. *Id.* Therefore, a plaintiff seeking "to eliminate an issue, or one or more but less than all of several claims" should seek leave to amend pursuant to Rule 15(a). *Ethridge,* 861 F.2d at 1392 (citing 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice,* ¶ 41.06–1, at 41–83 to –84 (1987)).

3. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

750 (11th Cir.1984). Factors that would justify denial include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of the amendment. *Id* . When determining whether to grant a voluntary dismissal under Rule 41(a), the court should consider whether plaintiffs' request will cause plain prejudice to the defendant beyond the mere prospect of a second lawsuit. *Fisher v. Puerto Rico Marine Management, Inc.,* 940 F.2d 1502, 1503 (11th Cir.1991).

### 2. Prejudice to Defendants and conditions on amending

■ In the instant case, Defendants' primary argument is that it would be prejudiced if Plaintiffs were allowed simply to dismiss the nationwide class action after allowing Defendants to incur great discovery expenses. As an analogy, Defendants compare the present case with instances where a plaintiff seeks voluntarily to dismiss an action after a dispositive motion for summary judgment has been filed. In such cases, courts often find plain prejudice and deny motions to voluntarily dismiss claims. *See, e.g., Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir.1986). However, the court notes that if the evidence accumulated during discovery may be used in a subsequent lawsuit, then the fact that costs were incurred in conducting discovery will not in itself constitute plain prejudice. *See, e.g., Tyco Laboratories, Inc. v. Koppers Co.,* 627 F.2d 54, 56 (7th Cir.1980). In any event, it is clear a court may cure any prejudice to a defendant by conditioning a Rule 41(a) dismissal on the moving party's payment of some of the costs and expenses borne by the other party in the action. *See, e.g., GAF Corp. v. Transamerica Ins. Co.,* 665 F.2d 364, 368–69 (D.C.Cir.1981).

■ After consideration, the court believes that Plaintiffs' motion to amend should be granted. Since they have no desire to pursue the nationwide class claims, the court does not believe that it would be proper or prudent to force them to continue with them. Furthermore, the court may under Rule 15(a), impose costs as a condition of granting leave to amend in order to compensate De-fendant and avoid any prejudice caused by the amendment. *General Signal v. MCI Telecommunications Corp.,* 66 F.3d 1500, 1514 (9th Cir.1995); *Local 783, Allied Indus. Workers of America v. General Electric Co.,* 471 F.2d 751, 756 (6th Cir.), *cert. denied,* 414 U.S. 822, 94 S.Ct. 120, 38 L.Ed.2d 55 (1973); *see Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 599 (5th Cir.1981) (court may avoid prejudice caused by granting of motion to amend by taxing costs of repeated discovery on the amending party). Although portions of Defendants' discovery will be relevant to Plaintiffs' individual claims, the discovery pertaining solely to nationwide class issues will not. Further, since Plaintiffs have not indicated any interest in ever pursuing a nationwide class action against Defendants, it is not clear whether this information will ever be pertinent and useful in later litigation. As a result, the court believes that Plaintiffs should be allowed to amend their complaint only on the condition that they compensate Defendants for those discovery fees and expenses: (1) that were related solely to the class issues; (2) that were incurred up to the point when Plaintiffs indicated that they did not wish to pursue a nationwide class; and (3) that Defendants acted reasonably in incurring given the nature of the allegations in the complaint and the likelihood that any court in this country would certify such a class.

### 3. Rule 23(e)'s approval and notice requirements

■ Finally, the court must consider whether it must first approve the dismissal and provide notice to the absent members of the purported nationwide class. The Federal Rules of Civil Procedure provide: "A class action shall not be dismissed or compromised without the approval of the court, and notice *of the proposed dismissal or compromise* shall be given to all members of the class in such manner as the court directs." Fed. R.Civ.P. 23(e). This prophylactic rule is designed to protect the interests of absent class members by ensuring that " 'any person whose rights would be affected by a dismissal or compromise has the opportunity to contest the proposed action.' " *Pearson v. Ecologi-*

*cal Science Corp.,* 522 F.2d 171, 177 (5th Cir.1975) (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1797, at 234 (1972)), *cert. denied,* 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976). It also works to prevent named representative parties from using class allegations in the complaint to extract favorable settlements for themselves. *Sikes v. American Tel. & Tel. Co.,* 841 F.Supp. 1572, 1578 (S.D.Ga.1993).

▆▆▆▆ In the case at bar, the court has not certified a class and Plaintiffs have not filed a motion to certify a class action. If any class exists, therefore, it must exist simply because of the allegations in the original, filed complaint. The primary inquiry before the court, therefore, is whether Rule 23(e) applies to dismissal of class allegations prior to certification of a class under Rule 23(c)(1).[4] The former Fifth Circuit, confronting this exact issue, concluded that Rule 23(e) did apply to precertification dismissals of class allegations pursuant to Rule 15(a). *McArthur,* 556 F.2d at 302. This conclusion was based on a prior Fifth Circuit conclusion that "[a] complaint that contains class action allegations is presumed to be a proper class suit between the time it is filed and the district court determines whether it satisfies the requirements of rule 23." *Id.* (citing *Pearson,* 522 F.2d 171 at 177). However, the *McArthur* opinion was later vacated on other grounds, and the issue of Rule 23(e)'s application to precertification dismissals remains

an open question in this Circuit. *Rice v. Ford Motor Co.,* 88 F.3d 914, 920 n. 8 (11th Cir.1996).[5] In *Rice,* the district court summarily approved the plaintiffs' notice of voluntary dismissal without prejudice of a proposed class action, prior to certification. *Id.* at 916. The defendant filed a motion for the court to review the dismissal order on the grounds that it had failed to apply Rule 23(e)'s approval and notice requirements. *Id.* The district court denied the defendant's motion and refused to revisit its dismissal order, finding that Rule 23(e)'s requirements did not apply to dismissals of precertification class actions where there was no possibility that the named plaintiffs had benefitted at the expense of the putative class and there was no prejudice to the absent class members. *Id.* at 919. On appeal, the Eleventh Circuit found that the district court had not abused its discretion in denying what it construed as a Rule 60 motion to review an earlier judgment. *Id.* at 920. As the issue of Rule 23(e)'s application had not been properly appealed, the Eleventh Circuit did not directly address it. *Id.*

Most other courts that have addressed the issue have concluded that Rule 23(e)'s requirements do apply to precertification dismissals and settlements of class action complaints. *See, e.g., Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1406–11 (9th Cir.1989); *Glidden v. Chromalloy American Corp.,* 808 F.2d 621, 625–28 (7th Cir.1986); *Kahan v. Rosenstiel,* 424 F.2d 161, 163 (3d

---

4. Fed.R.Civ.P. 23(c)(1) provides that, "... as soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

5. The court is aware that the former Fifth Circuit in *Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110 (5th Cir.1978), *aff'd sub nom. Deposit Guaranty Nat'l Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), stated that:

[w]e have held that prior to certification a class action cannot be dismissed merely because the representatives are satisfied, unless there is notice to the putative class of the proposed dismissal and a determination by the court that the dismissal is proper, as required by Rule 23(e)....

The court is also aware that other courts have cited to *Roper* for the proposition that approval and notice are required in all precertification dismissals of class actions. *See, e.g., Caston v.*

*Mr. T's Apparel, Inc.,* 157 F.R.D. 31, 33 (S.D.Miss.1994).

This court, however, does not find the statement in *Roper* to be binding. The court in *Roper* cited *Pearson,* 522 F.2d at 177, for the alleged holding that Rule 23(e) required notice to all class members prior to certification. However, in *Pearson* the dismissal occurred after the district court had already denied class certification under Rule 23(c)(1) and the court held that notice was not required. *Pearson,* 522 F.2d at 177. Therefore, the statements referred to by the *Roper* court as a holding in *Pearson* were merely dicta. Furthermore, the court in *Roper* also discussed the situation where class status had already been denied prior to the dismissal. *Roper,* 578 F.2d at 1109–10. Consequently, neither case dealt with the exact issue of whether Rule 23(e) applies to voluntary dismissals prior to any Rule 23(c)(1) determination by the district court.

Cir.1970); *Sikes,* 841 F.Supp. at 1578; *Philadelphia Electr. Co. v. Anaconda American Brass,* 42 F.R.D. 324, 326 (E.D.Pa.1967). In *Glidden,* for example, the Seventh Circuit concluded that Rule 23's protective function was also necessary at the precertification stage. *Glidden,* 808 F.2d at 627. First, the Seventh Circuit noted that notice and approval were needed to prevent named representatives from bringing class action complaints in order to obtain more favorable individual settlements at the expense of absent class members. *Id.* Furthermore, the Seventh Circuit noted that a voluntary dismissal of a class action, prior to certification, could prejudice those absent class members who hear of a proposed class action being filed but do not learn of it being subsequently dismissed. *Id.* This prejudice could occur because, although the filing of a class action complaint tolls the applicable statute of limitations for absent class members, a voluntary dismissal would start the statute of limitations running again. *Id* . If the absent class members did not realize that they had to file their own individual suits to preserve their claims, then they could lose their right ever to seek relief in court. *Id.*

In contrast to these other courts, the Fourth Circuit has held that Rule 23(e) does not apply to precertification dismissals. *Shelton v. Pargo, Inc.,* 582 F.2d 1298, 1304–14 (4th Cir.1978). In *Shelton,* however, the Fourth Circuit recognized that parties naming themselves as class representatives of an alleged class voluntarily accept a fiduciary obligation towards the other members of that proposed class. *Id.* at 1305. They may not abandon this duty by dismissing or settling the action if it would prejudice the absent alleged class members or if they improperly used the class allegations to enhance their own, individual settlements. *Id.* The Fourth Circuit concluded that district courts had a responsibility to ensure that the named representatives, even prior to certification, did nothing to prejudice the rights of the absent class members. *Id.* As a result, a district court could allow the precertification dismissal of class allegations without notice only if there was no indication of collusion, prejudice, or personal aggrandizement. *Id.* at 1306.

This court has grave doubts about adopting any reading of Rule 23(e)'s notice provision that requires its absolute application to every case simply because the complaint may include class action allegations. For example, a prisoner proceeding pro se may file a complaint challenging the conditions of confinement in his prison and include class allegations. If the prisoner later changes his mind and moves to delete the class allegations, the court believes that it would be a ridiculous reading of Rule 23(e) to require that every prisoner in the prison be notified of the original prisoner's motion. Another difficulty with any absolute notice requirement is that, prior to any certification inquiries, the court and parties often do not know the exact composition of the members of a proposed class. In such instances, it would be an unduly expensive and complicated procedure to identify and provide the requisite notice even though absent class members might not even be aware of the action in the first place.

Perhaps recognizing these and similar problems with absolute notice requirements, even those courts that have found that Rule 23(e) applies to the voluntary dismissal of class allegations in a complaint have applied a functional approach to its application. If there is no evidence of any collusion between the named plaintiffs and the defendants in seeking the dismissal and no evidence of any prejudice to absent class members, then courts have consistently found that notice to the absent class members is not required. *See Glidden,* 808 F.2d at 627–28 (citing *Simer v. Rios,* 661 F.2d 655, 665 (7th Cir.1981)); *Sikes,* 841 F.Supp. at 1579; *Gupta v. Penn Jersey Corp.,* 582 F.Supp. 1058, 1060 (E.D.Penn.1984); *Maddox & Starbuck, Ltd. v. British Airways,* 97 F.R.D. 395, 397 (S.D.N.Y.1983); *Larkin v. Gen. Hosp., Ltd. v. American Tel. & Tel. Co.,* 93 F.R.D. 497, 502–03 (E.D.Penn.1982); *Robinson v. First Nat. City Bank,* 482 F.Supp. 92, 100–01 (S.D.N.Y.1979); *Magana v. Platzer Shipyard, Inc.,* 74 F.R.D. 61, 64–71 (S.D.Tex. 1977); *see also Shelton,* 582 F.2d at 1314–15 (although not applying Rule 23(e), requiring notice to absent class members if there was evidence of collusion or prejudice).

After consideration of the above authorities, the court believes that, upon consideration, the Eleventh Circuit would conclude that Rule 23(e) applies to precertification dismissals and settlements of class actions. Such an approach would be consistent with the majority view and, as the Seventh Circuit recognized in *Glidden*, would serve more thoroughly to protect the rights of absent class members. *See McArthur*, 556 F.2d at 302–03 (discussing precertification dismissals and dangers to absent class members). Furthermore, this court finds persuasive the functional approach to notice adopted by both the Fourth Circuit and those courts applying Rule 23(e). *See, e.g., Glidden*, 808 F.2d at 627–28; *Shelton*, 582 F.2d at 1314–15.

■ Regardless of whether or not Rule 23(e) generally applies to voluntary amendments or dismissals of class claims prior to certification, in this case there is nothing that would warrant this court disapproving of Plaintiffs' dismissal or requiring notice be given to absent class members. First, unlike a majority of the cases cited *supra*, the instant case does not involve a situation where the named representative has settled his individual case and now seeks voluntary dismissal of the class allegations. Instead, after the dismissal Plaintiffs will continue to litigate their individual claims. The opposition by Defendants to Plaintiffs' attempt to dismiss clearly indicates the absence of collusion in this case. Second, there is clearly no danger of the dismissal having any preclusive effect on absent class members since the deleting of the class allegations occurred prior to any court certification inquiry. *See Sikes*, 841 F.Supp. at 1579 (recognizing lack of prejudice to absent class members since precertification dismissal without prejudice would have no *res judicata* effect). Finally, the court is aware that, prior to certification, absent class members may have a reliance interest in the dismissal of the class action. *Shelton*, 582 F.2d at 1315. This reliance interest can become a danger when the filing of a class action complaint receives attention by the news media. *Id.* Once absent class members know of a pending litigation involving their rights, they may act in reliance upon the class action and not file their own individual suits. In the case at bar, however, Plaintiffs have supplied an affidavit indicating that an extensive search of electronic news databases did not reveal any references to this case. (Plaintiffs' Motion to Amend, Exhibit C).[6] Since there is no evidence that any unnamed class members have learned of this case, the court finds no danger of unnamed class members foregoing litigation opportunities if they do not receive notice of this dismissal. *See Sikes*, 841 F.Supp. at 1579–80.

Accordingly, finding no evidence of collusion or danger of prejudice to absent class members, the court approves of, and GRANTS, Plaintiffs' motion to amend their complaint to delete the nationwide class allegations.

### B. *Motion that a nationwide class cannot be maintained*

■ Defendants move to have this court determine, pursuant to Rule 23(c)(1), that a nationwide class cannot be certified in this case. Plaintiffs have indicated to the court that they do not believe that they are adequate class representatives for a nationwide class. Furthermore, the court has granted their motion to amend to delete the nationwide class allegations from their complaint.

Under these circumstances, the court believes that it would be fundamentally unfair for it to rule on Defendants' motions on the merits and possibly injure the unrepresented rights of absent members of the purported class. As a result, the court declines to rule that a nationwide class can never be maintained as defined in Plaintiffs' original complaint. Defendants' motion is DENIED as MOOT.

### C. *Motion to compel*

Given the court's disposition of the other pending motions, Defendants' motion to compel is DENIED as MOOT.

---

**6.** The court has also conducted its own independent search of news databases and has found no references to this litigation.

### III. Conclusion

Plaintiffs' motion to amend the complaint to delete their nationwide class allegations and to vacate the scheduling order [15–2] is GRANTED on the condition that they compensate Defendants for those discovery expenses incurred (1) that were related solely to the class issues; (2) that were incurred up to the point when Plaintiffs indicated that they did not wish to pursue a nationwide class; and (3) that Defendants acted reasonably in incurring given the nature of the allegations in the complaint and the likelihood that any court in this country would certify such a class. In accordance with this decision, Defendants are DIRECTED to file within twenty (20) days of receipt of this Order, a detailed claim for the discovery related attorneys' fees and expenses covered by this Order, with supporting affidavits. Plaintiffs should then file with the court, within ten (10) days of service of Defendants' claim, a pleading indicating whether it will comply with this court's condition and, if applicable, any objections to the reasonableness of the expenses sought by Defendants.

Defendants' motion for a determination that a nationwide class cannot be maintained [22–1] and Defendants' motion to compel [13–1] are both DENIED as MOOT.