**Emanuel WALLS, etc., Plaintiff,**

v.

**INDIANOLA BANK, Defendant.**

**No. GC 76–24–S.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Aug. 25, 1977.

Johnnie E. Walls, Jr., McTeer, Walls, Bailey & Buck, Greenville, Miss., for plaintiff.

W. Dean Belk, Clark, Davis & Belk, P. A., Indianola, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The court has for consideration defendant's motion to recall the order of reference to the magistrate,[1] dismiss cause, and/or enter summary judgment for defendant.

Defendant, pursuant to the rules of this court, filed with its said motion a memorandum of authorities in support thereof. The court's May 12, 1977, order recalling the reference directed plaintiff to submit a responsive memorandum within 10 days. Plaintiff has not filed a response.

The court will proceed to consider and act upon the motion without benefit of a response from plaintiff.

The record reflects that defendant, Indianola Bank, Indianola, Mississippi (Indiano-

---

1. The court's July 28, 1976, order of reference to the magistrate for consideration and report on plaintiff's motion for class certification was rescinded on the motion sub judice by the court's order of May 12, 1977.

la) is a branch of the Planters Bank and Trust Company (Planters) defendant in a suit appearing on the docket of this court, Greenville Division, styled *Linda Sanders, et al., plaintiffs v. Planters Bank & Trust Company, defendant*, Civil Action No. GC 75–162–K (*Sanders*).

*Sanders* was filed December 5, 1975. It was pending on the court's docket when Emanuel Walls filed the action sub judice on February 13, 1976.[2]

*Sanders* and *Walls* are similar actions. They challenge allegedly racially discriminatory employment practices of Planters and its branch bank, Indianola.

Plaintiff Walls charges the violation by Indianola of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.; 42 U.S.C. 1981, et seq.; and the Thirteenth and Fourteenth Amendments to the Constitution of the United States.

In *Sanders* the court determined that the action might be prosecuted as a class action and established two classes to be represented by the named plaintiffs. These classes were:

> (a) All black persons who have applied for non-supervisory employment but who have not been hired by Planters Bank and Trust Company;
> (b) All black persons who may in the future make application for non-supervisory employment to defendant bank.

*Sanders* was compromised and settled by the parties. A consent decree was entered April 19, 1977. The decree provided injunctive and declaratory relief for the named plaintiffs, and all members of the classes represented by them. The relief extended to and included the main office of Planters and all of its branches including Indianola. The decree provided for monetary relief for the named plaintiffs but not for other members of the classes represented by them.[3]

**2.** The action sub judice will be herein referred to as "Walls".

**3.** The notice published pursuant to decree, provided in relevant part:

The parties propose to compromise this litigation . . . *and have limited the class of persons who may be eligible for individual relief, including monetary relief, in the nature*

The notice was published in *The Delta Democrat Times* of Greenville, Mississippi, on April 23 and 30, 1976, in *The Belzoni Banner* of Belzoni, Humphreys County, Mississippi, on April 29 and May 6, 1976, and in *The Enterprise-Tocsin* of Indianola, Sunflower County, Mississippi, on April 29, 1976 and May 6, 1976.

Indianola answered the complaint on March 10, 1977, and in paragraph 6 of the answer asserted that the defendant "Indianola Bank" was a misnomer in that Indianola is a branch of Planters.

Counsel of record in *Walls* brought a prior action against Planters similar in nature to *Walls*, on behalf of other black citizens. This action is styled *Carolyn Farmer, et al. v. Planters Bank and Trust Company*, No. GC 76–17–K (*Farmer*). Counsel sought in *Farmer* and *Walls* relief similar to that sought by the plaintiffs in *Sanders*.

It has developed that three actions involving the same issues were pending in this court at the same time. Each action sought redress from Planters because of alleged discrimination on account of race in its employment practices. *Sanders* was the first of the three to be filed.

The plaintiffs in *Sanders* are represented by Hon. Leslie D. King and Hon. Clell C. Ward, Greenville, Mississippi. Hon. Johnnie E. Walls, Jr., of the law firm of McTeer, Walls, Bailey and Buck, Greenville, Mississippi, represent plaintiffs in *Farmer* and *Walls*. *Farmer* was filed February 3, 1976.

*Sanders* and *Farmer* were assigned to Chief Judge William C. Keady. *Walls* was assigned to this court. Judge Keady released a memorandum opinion in *Farmer* on March 8, 1977, in which he held that plain-

. *of back pay, to the named plaintiffs* [Sanders and Haynes]. If any member of the class defined above objects to such Consent Decree, he or she may file such objections with [the] Deputy Clerk, United States District Court, Greenville, Mississippi 38701 . . . not later than on or before 4:30 P.M., on June 8, 1976.

tiff Farmer was a member of the *Sanders* class and being a member, could not maintain another class action involving the same or similar issues. Plaintiff Farmer was determined by Judge Keady to be a member of the plaintiff class in *Sanders* for the reason that it was shown that she based her claim upon Planters' denying her application for a teller's post, a non-supervisory position, for allegedly racially discriminatory reasons.

Plaintiff Farmer sought to represent, however, a broader class of black persons so as to include supervisory positions at Planters as well as those non-supervisory in nature. The exact class determination which Farmer sought was:

> A plaintiff class consisting of all black persons who, on ground of race, have been, are now, or in the future may be, denied employment or otherwise discriminated against [by the defendant].

This effort to create a broader class was rejected by Judge Keady. On page 3 of the opinion, Judge Keady said:

> Neither in *Sanders* nor in the cause sub judice has any suggestion been made that the *Sanders* Consent Decree involved any transgression of due process principles vis-a-vis the plaintiff class therein. Therefore, we conclude that *Sanders* has the effect of eliminating blacks who have or will apply for non-supervisory positions with defendant bank from any plaintiff class which the named plaintiff Farmer now seeks to represent. In addition, we conclude that the named plaintiff herein, having applied for a non-supervisory position with defendant bank and having failed to object to the *Sanders* Consent Decree is an improper representative to maintain a class action on behalf of all blacks who have or will apply for supervisory positions with defendant bank. Even if the existence of such a class could be shown by the use of discovery, it would be improper to allow a named plaintiff to lead an action on behalf of a class—applicants for supervisory positions—of which she is not a member. *Huff v. N. D. Cass Co.,* 468 F.2d 172, 179

(5 Cir. 1972), modified on other grounds, 485 F.2d 710 (5 Cir. 1973). We note specifically that we do not base our conclusion that plaintiff Farmer is not a member of the class of supervisory applicants she seeks to represent on an impermissible inquiry for that purpose into the merits of plaintiff's individual claim. *See Huff,* 485 F.2d at 713. Indeed, unawareness by both plaintiff and her counsel of the proposed Consent Decree in *Sanders* prior to June 8, 1976,[1] strongly belies the diligence incumbent upon an adequate class representative. Conversely, if either had knowledge of the proposed compromise in *Sanders* and failed to object for some, as yet unarticulated, tactical reason, such conduct cannot now be turned to the advantage of the named plaintiff and her counsel. To countenance such conduct in the context of plaintiff's motion to certify a class action would undermine the notice provisions of Rule 23(c)(3), F.R.Civ.P., which places the burden upon class members on notice of a 23(B)(2) action to either object or be bound. *Mungin v. Florida E. C. Ry.,* 318 F.Supp. 720, 732 (M.D.Fla.1970), aff'd 441 F.2d 728 (5 Cir. 1971), cert. den. sub nom. *Howard v. Florida E. C. Ry.,* 404 U.S. 897 [92 S.Ct. 203] 30 L.Ed.2d 284 [175].

The record reflects that the class determination sought in *Walls* is almost identical with the class determination sought in *Farmer,* which Judge Keady rejected. The *Walls* class is set forth in the motion as:

> . . . a class represented by plaintiff and consisting of all black persons who, on grounds or race, have been, are now, or in the future may be, denied employment or otherwise discriminated against in hiring, promotions or other terms and conditions of employment by the Indianola Bank.

Plaintiff Walls is shown by an affidavit filed by Indianola to have applied for employment with Indianola on April 18, 1974, for the position of file-clerk, a non-supervisory position.

The only difference between the circumstances surrounding plaintiff Walls with

those surrounding plaintiff Farmer is that Walls made his application with the Indianola Branch of Planters, where plaintiff Farmer made her application at the Greenville home office of Planters. This is a distinction without a difference. The fact that Walls applied for a position at a branch rather than at the home office does not appear to be material in considering the rights of the parties.

The record before the court reflects that the notice in *Sanders* was published in an Indianola newspaper where the Indianola Branch is located and that counsel for Walls had ample notice of the *Sanders* Decree well before the expiration of the time within which objections to the decree could have been filed. Yet, Walls did not object, even though it is reasonable to infer that he must have known that the Indianola Bank was a branch of Planters and that Planters assumed the position that the *Sanders* Decree applied to its branches as well as to the home office. The final decree in *Sanders* stated as much.

Judge Keady's excellent, well reasoned and documented opinion in *Farmer* is adopted by this court as controlling the class issue determination in the action sub judice.

Judge Keady, did not, however, dismiss the individual claim of plaintiff Farmer without a hearing. In this regard, he said, at pages 5 and 6 of the opinion:

Finally, we consider whether *Sanders* bars plaintiff from maintaining her individual claim. We note in this regard that defendant's assertion that noncompliance with Title VII by a plaintiff who brings an action under both Title VII and 42 U.S.C. § 1981 bars said plaintiff from proceeding must be rejected. It is clear that even assuming such noncompliance is shown, where, as here, no statute of limitations is encountered, that § 1981 provides a sufficient independent basis for an employment discrimination claim. *Walton v. Utility Products*, [424] F.Supp. [1145], GC 75–104–K (Sept. 9, 1976). We are also of the opinion that this court should not dispose of plaintiff's individual claim without an evidentiary hearing.

Where, as here, a plaintiff has an action filed, pending resolution of which a similar 23(B)(2) class action is resolved by a consent decree, and the plaintiff in the pending cause is a member of the plaintiff class described in the Consent Decree, and, further, only published notice is provided to those class members, we believe that due process can be best served by a hearing to determine whether plaintiff or her counsel had such notice of the proposed settlement to now preclude her individual claim.

A hearing was held on April 9, 1977, to determine the individual rights of Farmer. At the conclusion of the hearing, Judge Keady entered an order dismissing Farmer's individual claim. The relevant part of the order is as follows:

After hearing arguments the court delivered from the bench findings of fact and conclusions of law as contained in the court reporter's notes to the effect that counsel for Carolyn Farmer had actual knowledge of the proposed settlement in the companion *Sanders* case prior to June 8, 1976, and elected to take no action with respect thereto by way of preserving or protecting the individual claims of Carolyn Farmer and that accordingly, the final judgment of this court rendered in the *Sanders* case constitutes an adjudication of all rights of the plaintiff class, of which Carolyn Farmer was a member, and she is bound by the terms thereof; it is therefore

ORDERED:

That the complaint of Carolyn Farmer is finally dismissed with prejudice and all costs are taxed to plaintiff.

It is uncontradicted in this record that plaintiff's counsel had actual knowledge of the proposed settlement in *Sanders*, prior to June 8, 1977, and elected to take no action with respect thereto by way of preserving or protecting the individual claims of plaintiff Walls. Under these circumstances such claims, if any, as plaintiff Walls may have individually and which he seeks to pursue in the action sub judice are barred by the consent decree rendered in *Sanders*.

The court finds that there is no genuine issue as to any material fact which justifies a trial of the action sub judice on the merits, and that the defendant is entitled to a judgment as a matter of law.

An appropriate order will be entered by the court.