Martha R. CUNNINGHAM, Plaintiff,

v.

F. W. ST. CLAIR et al., Defendants.

No. WC 76–92–S.

United States District Court,
N. D. Mississippi, W. D.

Oct. 5, 1977.

Solomon C. Osborne, North Miss. Rural Legal Service, West Point, Miss., Alvin O. Chambliss, North Miss. Rural Legal Service, Oxford, Miss., Alma Campbell, North Miss. Rural Legal Service, Greenwood, Miss., Ben Cole, North Miss. Rural Legal Service, Holly Springs, Miss., for plaintiff.

Thomas E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiff, Martha R. Cunningham, filed this action on September 9, 1976, challenging the procedure used by the defendants[1] to re-certify recipients of food stamp coupons.[2] Plaintiff brings this action on behalf of herself and seeks to prosecute it as a class action under Fed.R.Civ.P. 23. The class plaintiff seeks to represent is defined in the complaint as:

> [A]ll heads of households in Webster County, Mississippi, which are eligible for food stamps and which are being denied food stamp assistance or in the future will be denied food stamp assistance because of delays by the Webster County Department of Public Welfare in recertifying the eligibility of such households.

1. The defendants are: F. W. St. Clair, individually and as Commissioner of the Mississippi State Department of Public Welfare; Kenneth Land, individually and as Director of the Webster County Department of Public Welfare and their agents, employees, and successors in office.

2. Plaintiff bases this action on 42 U.S.C. § 1983, 7 U.S.C. §§ 2201, et seq., and invokes jurisdiction under 28 U.S.C. § 1343(3), (4), 28 U.S.C. §§ 2201, 2202 and 28 U.S.C. § 1337.

3. Defendants also claim class certification is not proper because (1) plaintiff has not shown that all requirements of Fed.R.Civ.P. 23 have been met; and (2) plaintiff is not a member of the class.

4. The applicable part of the letter reads:
   You seek to maintain the lawsuit as a class action under Rule 23, F.R.Civ.P. To fulfill

Plaintiff has filed a motion for class certification supported with a memorandum of authorities. Defendants have filed a response with supporting affidavit and have submitted a reply memorandum opposing class certification.

On July 20, 1977, defendants filed a motion to dismiss on the grounds that this court lacks subject jurisdiction and because this action does not present a justiciable case or controversy under Article III, § 2 of the Constitution of the United States. Plaintiff has not submitted any response or reply memorandum opposing the motion.

### A. Motion for Class Certification

On July 7, 1977, plaintiff filed her motion for class certification. Defendants oppose certification for three reasons, only one of which will be discussed by the court. Defendants argue that plaintiff's untimely filing of the class certification motion demonstrates that this plaintiff will not adequately represent the interest of the class.[3] For the reasons that follow the court agrees.

As noted, this complaint was filed on September 9, 1976. On that same day the clerk of the court sent a letter to plaintiff's counsel informing them of their obligation to move for class certification "not later than 60 days after filing of [an] answer or [a] motion by the defense . . . for a Rule 23 class determination."[4] Effective

the court's obligations under Rule 23(c) and (d), a class action determination must be made as soon as practicable. Our judges require that the class plaintiff must, not later than 60 days after filing of answer or motion by the defense, move for a Rule 23 class determination. This means that the class plaintiff has the burden of establishing that a class action is appropriate and of defining all relevant classes and subclasses.

If you, as counsel for the plaintiff, desire additional time for preparation on the Rule 23 issue(s), you must timely file a motion setting up grounds for requested delay. Delays will be granted only for adequate cause, and no delay shall be beyond such time as may be specifically fixed by the court.

April 1, 1977, the local rules of the court were amended and the requirements of the above-mentioned letter were substantially incorporated in Local Rule C–7.[5]

On October 5, 1975, the defendants filed their answer. The court had a letter sent to plaintiff's counsel on December 8, 1976, reminding them of their obligation to seek class certification. On that same date, plaintiff filed a motion requesting an extension of time to move for class certification and the court signed an order on December 9, 1976, granting plaintiff until January 10, 1977, to move for class certification. As noted, plaintiff filed a motion for class certification on July 7, 1977.

The file in this case shows that the only pleadings that have been filed are the complaint, the answer, plaintiff's motion for time extension, defendants' response in opposition, plaintiff's motion for class certification, defendants' response in opposition and defendants' motion to dismiss. No discovery has been filed by either side. The court is aware that it has an independent duty to manage class actions, *McArthur v. Southern Airways, Inc.,* 556 F.2d 298 (5th Cir. 1977) and that a court should conduct an evidentiary hearing before denying class certification on the grounds that plaintiff has failed to show that the requirements of Fed.R.Civ.P. 23 have been satisfied. *Satterwhite v. City of Greenville, Texas,* 557 F.2d 414 (5th Cir. 1977). But when the record of a case clearly shows that a plaintiff has failed to timely move for class certification, has done little to develop the record to satisfy the requirements of Rule 23, and has offered no reasons for these shortcomings, then the court believes it can conclude without an evidentiary hearing that the plaintiff will not adequately represent the interests of the class.

The court finds that plaintiff's late movement for class certification and plaintiff's failure to take any action to develop the record of this case as to class certification[6] "bears strongly on the adequacy of the representation that [the] class members might expect to receive." *East Texas Motor Freight Systems, Inc. v. Rodriquez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977). The motion for class certification will be denied for plaintiff's failure to show that she will adequately represent the class. Fed.R.Civ.P. 23(a)(4).

### B. *Motion to Dismiss*

In light of the court's ruling on class certification and since plaintiff has not responded to defendants' motion to dismiss, the court will postpone its ruling and allow plaintiff an opportunity to submit a reply memorandum.

An appropriate order will be entered.

---

5. The rule reads in part:
   In all lawsuits filed as class actions, the class plaintiff must, not later than 60 days after filing of answer, move for a Rule 23 class determination. The named plaintiff has the burden of establishing by way of pleadings and evidentiary materials that a class action is appropriate and of defining all relevant classes and subclasses.

   . . . . .

   Counsel for all parties must be aware of the general time schedule above set forth and promptly prepare whatever material may be relevant to class action maintainability vel non or class definitions. Until the issue of class certification has been decided, counsel shall give priority to discovery directed to the class issue.

   If additional time is desired for preparation on the Rule 23 issue(s), a motion setting up grounds for the requested delay must be filed within the above time period. Delays will be granted only for adequate cause and no delay shall be beyond such time as may be specifically fixed by the court.

   After adoption and printing of the local rules, the clerk of the court sent copies at no cost to all counsel who live in this district and are members of the Mississippi Bar or who regularly practice in this district. Copies of the local rules are available at no cost at each division point in the district.

6. In examining the record of this case, the court does so only for the purpose of determining whether the plaintiff will adequately represent the class and does not express any opinion on the other Rule 23 requirements a party must meet before a case can proceed as a class action.