**Catherine FLORA et al., Plaintiffs,**

**v.**

**Jimmy MOORE et al., Defendants.**

**No. WC 77–29–K.**

United States District Court, N. D. Mississippi, W. D.

March 16, 1978.

Alvin O. Chambliss, Jr., Oxford, Miss., for plaintiffs.

Judith J. Johnson, Jackson, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, Chief Judge.

In this action, named plaintiffs Catherine Flora, Dorothy Westmoreland, Dorothy Copeland and Leola Gladney, all black females, seek declaratory, injunctive and monetary relief for alleged employment discrimination by defendant Calhoun County Hospital, its administrator, executive housekeeper and director of nursing services. By their complaint, plaintiffs bring this action not only in their individual capacity but also on behalf of a broadly described putative class consisting of

1. All Black and female persons who are now, have been, might have been or might become employees of the Calhoun County Hospital and who are now employed, were employed, might have been employed or might become employed by the Hospital, and who have been, and continue to be or might be adversely affected by the [racially or sexually discriminatory] practices complained of herein [relative to promotions, assignments, benefits, selective dismissals, and applications].

(complaint at 4–5).

This cause is now before the court for the purpose of determining whether it may proceed as a class action.[1] Highly relevant to that question is the progress of this case since the complaint was filed on March 25, 1977, almost one year ago.

Following the filing of the complaint, defendants were granted an extension of time in which to plead; issues were, however, joined by answer filed on May 12, 1977. On September 29, more than 4 months after the filing of defendants' answer, a letter was sent by the clerk of this court requesting plaintiffs' counsel to "advise the court why you have failed to comply with [Local Rule C–7]," which requires a motion for

---

1. This memorandum order supersedes the order summarily entered at the time of the hearing.

class certification to be filed within 60 days after the answer is filed.[2]

In response, plaintiffs moved to postpone the certification issue. The court granted named plaintiffs until November 2 to move for class certification.[3] The November 2 deadline passed without action on the part of the named plaintiffs. Indeed, nothing was filed in this cause between November 7, when plaintiffs belatedly filed answers to defendants' first interrogatories, and March 9, 1978, when the court noticed a hearing relative to the class aspects of this litigation.

In response to this judicial prodding, the named plaintiffs, on March 10, 1978, or more than four months after the expiration of the court-established deadline, moved for certification of this cause as a Rule 23(b)(2) class action. Their motion was unaccompanied by affidavits in support of the class action and without any attempt to explain plaintiffs' failure to comply with the court's order and Local Rule C–7.

■ The record reveals that plaintiffs' discovery consists solely of interrogatories submitted in conjunction with the original complaint. On June 2, 1977, answers to these interrogatories were filed, developing the racial and sex composition of defendants' employees, former employees, job applicants, as well as defendants' hiring and employment practices. The file reveals that no depositions have been noticed or taken by plaintiffs. The interrogatory answers provided by defendants, covering from March 31, 1971 to May 1977, reveal at least 57 identified members of the putative plaintiff class. The record does not disclose any attempt by the named plaintiffs to ascertain whether any of these individuals have grievances or claims of racial or sex discrimination against Calhoun County Hospital. In this regard, we decline to give weight to the uncorroborated and unsworn oral statements of plaintiffs' counsel made at the class certification hearing relative to the number of persons who are alleged to actually have grievances. We note that, although Rule 23 is liberally applied in an employment discrimination case, it has long been the rule in this circuit that the named plaintiff bears the burden of showing that *all* the prerequisites to the maintenance of a suit as a class action are met. *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 (5 Cir. 1968).

Moreover, this court has an independent obligation to determine whether this suit can properly be maintained as a class action. *Gore v. Turner,* 563 F.2d 159 (5 Cir. 1977). In order to effectuate this obligation, pursuant to the mandate of Rule 23(c)(1), F.R.Civ.P., to determine as soon as practicable after the commencement of an action whether it should proceed as a class

2. Rule C–7 CLASS ACTION

In all lawsuits filed as class actions, the class plaintiff must, not later than 60 days after filing of answer, move for a Rule 23 class determination. The named plaintiff has the burden of establishing by way of pleadings and evidentiary materials that a class action is appropriate and of defining all relevant classes and subclasses.

Although the court may deem it necessary to schedule an evidentiary hearing on the class aspects of any case, it is anticipated that in the usual situation pleadings, affidavits, other evidentiary materials and legal memoranda submitted by both sides should be an adequate basis for the court to make a class action determination. Interlocutory procedures will be tailored to fit each case if such is deemed appropriate by the court.

Counsel for all parties must be aware of the general time schedule above set forth and promptly prepare whatever material may be relevant to class action maintainability vel non or class definitions. Until the issue of class certification has been decided, counsel shall give priority to discovery directed to the class issue.

If additional time is desired for preparation on the Rule 23 issue(s), a motion setting up grounds for the requested delay must be filed within the above time period. Delays will be granted only for adequate cause and no delay shall be beyond such time as may be specifically fixed by the court.

3. This order also granted plaintiffs an extension until October 24 to answer defendants' first interrogatories, which was later enlarged until November 1. Ultimately, plaintiffs answered defendants' first interrogatories on November 7, six days after expiration of the deadline provided by this court's second order extending time therefor.

action, this court promulgated Local Rule C–7.[4] See Rule 83, F.R.Civ.P.

■ Upon the record before us, we conclude that, even though the evidentiary material on file reveals that this suit may be susceptible to being maintained as a class action from the standpoint of the numerosity, commonality and typicality requirements of Rule 23(a)(1)–(3), class certification would be improper. This holding is based upon our conclusion that the named plaintiffs, and their counsel, clearly fail to be adequate representatives for the putative class within the meaning of Rule 23(a)(4).

■ Rule 23(c)(1) not only mandates that class certification vel non be determined as soon as practicable after the commencement of an action, but also "requires [that we] carefully scrutinize the adequacy of representation [and] stringently apply [that] requirement . . . ." *Guerine v. J. & W. Inv., Inc.,* 544 F.2d 863 (5 Cir. 1977). Thus, we clearly have the responsibility of determining whether the named plaintiffs are asserting the interests of the class with such vigor and forthrightness that the res judicata effect of an adverse judgment in a class action on all absent class members will not offend due process. *Gonzales v. Cassidy,* 474 F.2d 67 (5 Cir. 1973).

> In the context of the present case, the named plaintiff[s]' failure to protect the interests of class members by moving for certification [until after this court noticed a class determination hearing] surely bears strongly on the adequacy of representation that . . . class members might expect to receive.

*East Texas Motor Freight v. Rodriguez,* 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453, 464 (1977). Moreover, plaintiffs' belated motion was unaccompanied by supportive material and no attempt was made by plaintiffs' counsel to explain the significant

delay in so moving. In addition, the dearth of discovery shown in the file herein, the total and unexplained failure of plaintiffs to comply with Local Rule C–7 which was specifically called to their attention by the clerk of this court, and their failure to respond in compliance with this court's prior order allowing until November 2, 1977, to move for certification convinces us that this cause has not been vigorously prosecuted in order to protect the interests of the class. Indeed, the named plaintiffs cannot, with impunity, continually ignore the Local Rules and orders of this court relative to time limits imposed for filing for class certification. *Walter v. Eaton Corp.,* 563 F.2d 66, 77, n. 11 (3 Cir. 1977). We conclude, as this court has consistently done when inadequate representation appears from the record,[5] that this cause may not be maintained as a class action. In so holding, the rights of members of the alleged plaintiff class will not be prejudiced by such judgment as may be entered on the named plaintiffs' individual claims. Accordingly, it is

ORDERED

That the class action aspects of this suit are hereby dismissed without prejudice to the rights of Catherine Flora, Dorothy Westmoreland, Dorothy Copeland and Leola Gladney to proceed with this action on their individual claims.

---

4. See note 2, supra.

5. See, e. g., *Cunningham v. St. Clair,* 77 F.R.D. 375, Civ. No. WC 76–92–S (Oct. 5, 1977); *Farmer v. Planters Bank & Trust Co.,* GC 76–17–K (March 8, 1977), *adopted in Walls v. Indianola Bank,* GC 76–21–S, 445 F.Supp. 528 (Aug. 25, 1977); *Dismuke v. Mullens,* EC 76–149–K (April 27, 1977). *Cf. Williams v. Rosella's App. & Furn. Co.,* GC 76–52–S (Magistrate's Report and Recommendation, Jan. 30, 1978), objections over'd Feb. 15, 1978.