Lee Nora BROWN, Individually, and as a member of a class composed of persons similarly situated, Plaintiff,

v.

MILWAUKEE SPRING COMPANY, a Wisconsin Corporation, Springtrol, Inc., a Wisconsin Corporation, Illinois Coil Spring Company, a Foreign Corporation, Defendants.

Civ. A. No. 76–C–519.

United States District Court, E. D. Wisconsin.

April 3, 1979.

---

Thomas D. Kuehl, Milwaukee, Wis., for plaintiff.

Robert A. Wilmot and John A. Nelson, Milwaukee, Wis., Lawrence A. Manson, Chicago, Ill., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for damages and injunctive relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., challenging certain of the defendants' employment practices. The action was brought on behalf of a class of—

> " * * * Negro persons who are, were, or might be employed, by the Defendants at the factory and plant located at 3400 South Nevada, * * * who have been or continue to be or might be adversely affected by the practices complained of herein. * * * " (Paragraph 2 of the complaint filed July 22, 1976.)

The defendants have moved the court to deny class certification or, in the alternative, to partially dismiss the complaint. For the following reasons, the motion will be granted and class certification will be denied.

Rule 23(c) of the Federal Rules of Civil Procedure requires that "a[s] soon as practicable" after an action is commenced, the court shall determine whether it may be maintained as a class action. While the plaintiff has the burden of establishing her right to maintain a class action, the defendants may test the propriety of the action by means of a motion for denial of class certification. *Cook County College Teachers Union, Local 1600, American Federation of Teachers, AFL–CIO v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972); 3B Moore's Federal Practice ¶ 23.50 at 23–421 (2d Ed. 1978).

The plaintiff has never moved for class certification nor has she filed a brief in opposition to the defendants' motion for denial of certification. Before a class action may be maintained, it is essential that the plaintiff allege facts bringing the action within the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Cook County College Teachers Union*, supra, at 885; *Cash v. Swifton Land Corporation*, 434 F.2d 569 (6th Cir. 1970); *Doctor v. Seaboard Coast Line Railroad Company*, 540 F.2d 699, 706 (4th Cir. 1976); *Berger v. Purolator Products, Inc.*, 41 F.R.D. 542 (S.D.N.Y.1966). The complaint filed in this action simply parrots the language of Rule 23(a) and alleges no facts at all in support of the class action elements, and plaintiff has submitted no other material to the court for its consideration.

Rule 23(a)(4) of the Federal Rules of Civil Procedure also requires that before a class action may be maintained, the plaintiff must demonstrate that she is an adequate class representative. In *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), the Supreme Court noted that failure to move for class certification prior to trial is itself a strong indication that the plaintiff is not an adequate class representative. While this case has not yet been tried, the parties were notified in August 1978 that the case was scheduled on the court's trial calendar for June 18, 1979. Since August the plaintiff has made no effort to move for class certification. Indeed, since the complaint was filed in July 1976, the plaintiff has not even begun to take discovery, which is also a factor that the court may consider in denying class certification. *Cunningham v. St. Clair*, 77 F.R.D. 375 (N.D.Miss.1977); *Flora v. Moore*,

78 F.R.D. 358 (N.D.Miss.1978). Failure of a plaintiff to prosecute an action with reasonable diligence, as exemplified by failure to move for class certification, also constitutes proof of the plaintiff's inadequacy as a class representative and provides good cause to deny class certification. *Lau v. Standard Oil Company of California*, 70 F.R.D. 526 (N.D.Cal.1975). See also, e. g., *Beasley v. Kroehler Manufacturing Company*, 406 F.Supp. 926, 931 (N.D.Tex.1976); *Walker v. Columbia University*, 62 F.R.D. 63 (S.D.N.Y.1973).

■ Under the circumstances of this case, and in view of the plaintiff's failure to make any efforts, at least so far as is reflected in the court's records, to prepare the case for trial even on her own behalf, the Court is persuaded that the plaintiff has demonstrated a lack of diligence in prosecuting the action which justifies dismissal of the entire action. Rule 10.03 of the local rules for the United States District Court for the Eastern District of Wisconsin provides:

"Section 10.03 Lack of Diligence. Whenever it appears to the judge in charge of a case that the plaintiff is not diligently prosecuting the action the judge may enter an order of dismissal with or without prejudice after 20 days' written notice to the parties."

IT IS THEREFORE ORDERED that the defendants' motion for an order denying class certification is granted, and that class certification is denied.

IT IS FURTHER ORDERED that this action is dismissed.

IT IS FURTHER ORDERED that the order of dismissal is stayed for a period of twenty days from its filing date, during which time the plaintiff may file a motion with a supporting brief, and affidavits if necessary, requesting the court to vacate the order of dismissal.