**Lesia GASTON, Joined by Next Friend, Pirlie Jones, Plaintiffs**

v.

**CALHOUN COUNTY BOARD OF EDUCATION et al., Defendants.**

**No. WC 80–56–WK–P.**

United States District Court, N. D. Mississippi, W. D.

Dec. 11, 1980.

Willie L. Rose, North Miss. Rural Legal Services, Oxford, Miss., for plaintiffs.

Lawrence Chandler, Calhoun City, Miss., for defendants.

MEMORANDUM ORDER

KEADY, Chief Judge.

This action was filed on April 11, 1980, by Lesia Gaston, a minor, by and through her mother, Pirlie Jones, as next friend, against the Calhoun County Board of Education and the members and superintendent of the board, alleging violation of Gaston's civil rights by defendants in expelling her from Bruce High School without due process of law. Paragraph IV of the complaint states:

> Plaintiff brings this suit as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. This suit is

brought on behalf of Plaintiff, Lesie Gaston, and similarly situated students enrolled in the Calhoun County school district whose rights have been violated or will be violated because of the enforcement and arbitrary application of the policies and procedures of the defendants against Plaintiff and her class for the purposes of expulson from public schools.

A temporary restraining order and preliminary injunction were issued on April 15 enjoining defendants to reinstate Gaston, expunge her high school record of the expulsion, and accord her procedural due process in any future charges of misconduct which might result in expulsion or suspension for a significant period of time. Defendants filed their answer on May 6 and denied all material allegations of the complaint. An order was entered on May 6 setting a discovery deadline of September 8, on which date plaintiff moved to dismiss the class allegations of the complaint. In that motion plaintiff's counsel stated:

1. Plaintiff, Lesie Gaston, wishes to pursue her individual claims of denial of United States Constitutional and Statutory rights but, does not wish to pursue the class allegations of the Complaint.

2. The Defendants will not be prejudiced in any manner by the dismissal of the class allegations and Plaintiff can not perceive of any possible objections from the defendants.

On September 10, we granted plaintiff's motion to dismiss the class allegation, and on December 9, plaintiff moved for dismissal of her individual claim on account of settlement. Having found error in our allowance of plaintiff's motion to dismiss the class allegations of the complaint, we must vacate our September 10 order and undertake our duty under Rule 23(c)(1) to determine whether the action may be maintained as a class action.

■ Rule 23(e) provides:

Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

It is well settled that "[a] complaint that contains class allegations is presumed to be a proper class suit between the time it is filed and the district court determines whether it satisfies the requirements of rule 23." *McArthur v. Southern Airways, Inc.*, 556 F.2d 298, 302 (5 Cir. 1977), *vacated on other grounds*, 569 F.2d 276 (5 Cir. 1978); *see Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3 Cir.), *cert. denied sub nom, Glen Alden Corp. v. Kahan*, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); 7A C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1797 at 236–37 (1972). Thus, it is improper to allow dismissal of class action allegations without notice to the class members before a Rule 23(c)(1) determination. *Id.* at 303. The reasons for this rule were explained in *McArthur* as follows:

Class representatives are precluded from filing a class suit to enhance their individual bargaining positions in settlement negotiations and then upon receiving favorable treatment of their personal claims either partially sacrificing or completely abandoning the class claims. Moreover, dismissal or compromise of the class suit without notice may be detrimental to those persons who relied upon the class suit as the primary means of vindicating their legal claims. For example, filing a class suit tolls the statute of limitations for the claims of the entire class. Dismissal of the class suit without notice may result in absentee class members' losing their claims entirely if they subsequently fail to file individual claims since the statute of limitations begins to run again upon dismissal of the class claim. *Id.* (citations omitted)

We therefore fell into error in dismissing the class allegations of the complaint without giving notice to prospective class members.

■ Having determined that our September 10 order dismissing the class action allegations of the complaint must be vacated, we now proceed to a 23(c)(1) determination of whether class action status is available in this case. We conclude it is not.

Our court's local rule C–7 provides as follows:

In all lawsuits filed as class actions, the class plaintiff must, not later than 60 days after filing of answer, move for a Rule 23 class determination. The named plaintiff has the burden of establishing by way of pleadings and evidentiary materials that a class action is appropriate and of defining all relevant classes and subclasses.

Although the court may deem it necessary to schedule an evidentiary hearing on the class aspects of any case, it is anticipated that in the usual situation pleadings, affidavits, other evidentiary materials and legal memoranda submitted by both sides should be an adequate basis for the court to make a class action determination. Interlocutory procedures will be tailored to fit each case if such is deemed appropriate by the court.

Counsel for all parties must be aware of the general time schedule above set forth and promptly prepare whatever material may be relevant to class action maintainability vel non or class definitions. Until the issue of class certification has been decided, counsel shall give priority to discovery directed to the class issue.

If additional time is desired for preparation of the Rule 23 issue(s), a motion setting up grounds for the requested delay must be filed within the above time period. Delays will be granted only for adequate cause and no delay shall be beyond such time as may be specifically fixed by the court.

It was therefore incumbent upon plaintiff to move for class certification by July 7, 60 days after the filing of defendants' answer. The failure of plaintiff and her counsel to move for such a determination bears upon the adequacy of representation. *See East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 405, 97 S.Ct. 1891, 1897,

52 L.Ed.2d 453, 464 (1977); *Flora v. Moore*, 78 F.R.D. 358, 361 (N.D.Miss.1978). Further bearing on the 23(a)(4) requirement is the fact that counsel has undertaken no discovery in this matter; indeed, virtually no activity appears to have taken place since the preliminary injunction was granted in April. *See id.* Additionally, plaintiff's counsel has stated that Gaston does not wish to represent a class.[1] Also probative is the fact that counsel was willing to dismiss the action on behalf of the class without giving it notice. Under the circumstances of this case, we therefore conclude that class action status is not appropriate. *See Held v. Missouri Pacific R. R. Co.*, 64 F.R.D. 346, 350 (S.D.Tex.1974).

Although the court does not believe that dismissal of the class allegations in any way affected the settlement of plaintiff's claims, we will give the parties 10 days from this date to inform the court of any objections to entering an order dismissing this case by reason of settlement. If no response is filed in that time, the action will be dismissed with prejudice.

Accordingly, it is

ORDERED

That this court's order dated September 10 dismissing the class action allegations from the complaint be and the same hereby is vacated.

That class certification be and the same hereby is denied.

That the parties be and the same hereby are granted ten days within which to file objections to dismissal of this action with prejudice by reason of settlement.

---

1. This leads us to question the propriety of plaintiff's counsel in filing the suit as a class action. We deem it highly improper for an attorney to insert class allegations in a complaint as a routine matter. A class representative and counsel have a stringent duty to protect the interests of those persons who they purport to represent. This duty was clearly violated in the case sub judice.